## (February 13, 1973)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JERRY WILLIAMS, Appellant.— Judgment, Supreme Court, Bronx County, rendered January 14, 1972, unanimously reversed, on the law, and the case remanded to Trial Term, Supreme Court, Bronx County, for trial anew. Though the District Attorney claims that the record does not establish that the trial court refused to permit inquiry of prospective jurors on the *voir dire* as to possible prejudice against members of the defendant-appellant's race, this does appear without dispute. That ruling is in direct conflict with the recent holding of the United States Supreme Court in *Ham* v. *South Carolina* (409 U. S. 524). Although there was strong evidence of defendant's guilt, the error requires reversal of the judgment and a new trial. If we did not reverse for the reason stated, we would have, in any event, modified the sentence of two consecutive 15-year terms as excessive. Concur — McGivern, J. P., Markewich, Nunez and Murphy, JJ.; Kupferman, J., concurs in the following memorandum: While I concur in the opinion of this court (cf. *Matter of Mack* v. *Davidson*, 40 A D 2d 641) the apt citation with regard to excessiveness of sentence is section 70.30 (subd. [1], par. [c]) of the Penal Law.

■ In the Matter of JOSEPH PELLEGRINO, Respondent, v. HARRY I. BRONSTEIN, as Personnel Director of the Department of Personnel of the City of New York, et al., Appellants.— Order and judgment (one paper), Supreme Court, New York County, entered March 7, 1972, unanimously reversed, on the law, without costs and without disbursements, and the petition dismissed. Petitioner's service in the Army Reserve was not service in time of war contemplated by section 6 of article V of the State Constitution and section 85 of the Civil Service Law. (*Matter of Rahill* v. *Bronstein*, 40 A D 2d 636; *Scott* v. *Bronstein*, 40 A D 2d 955; General Construction Law, § 13-a.) Concur — McGivern, J. P., Nunez, Murphy, Capozzoli and Macken, JJ.

■ AL DAYON, Individually and on Behalf of Master-Craft Electronics Corp., Respondent, v. DOWNE COMMUNICATIONS, INC., et al., Appellants, and CHEMICAL BANK et al., Defendants.— Two orders of the Supreme Court, Bronx County, each entered on November 30, 1972, denying motions to vacate warrant of attachment, and order of said court entered on December 27, 1972, which denied a motion to renew, unanimously reversed, on the law and the facts, and the motions granted. Appellants shall recover of respondent $60 costs and disbursements of these appeals. As to the first four causes of action pleaded, the complaint is patently deficient. In addition, as to these and the remaining causes of action, plaintiff, when challenged by the motion to vacate, failed to come forward with any evidentiary facts to sustain his conclusory allegations. Furthermore, there is grave doubt as to whether an attachment is needed to secure plaintiff and whether the material submitted was deceptive. Concur — Stevens, P. J., Nunez, Kupferman, Steuer and Tilzer, JJ.