Harold Baer, J.
This is a motion by the defendant to compel the Sheriff of New York County to turn over property levied upon and held by the Sheriff consisting of bank accounts and stock accounts. The Sheriff cross-moves for an order fixing and taxing statutory fees and poundage with respect to the property levied upon.
It appears that various executions were filed on behalf of the plaintiff-judgment-creditor with the Sheriff against the property of the defendant-judgment-debtor, in an attempt to collect a judgment in the sum of $226,890. The Sheriff levied on property in that amount. In November of 1973, the action was settled and discontinued, and an order was entered discontinuing the action and vacating the judgment.
It is the defendant’s contention that because the matter was settled for $0 that there is no fee owing to the Sheriff.
CPLR 8012 (subd. [b], par. 3) provides as follows: “ 3. Where a settlement is made, either before or after judgment, after a levy by virtue of an order of attachment, the sheriff is entitled *711 to poundage upon the value of the property levied upon, not exceeding the sum at which the settlement is made.”
Therefore the defendant argues that inasmuch as the dispute was settled for $0, the fee is limited to $0. The Sheriff argues that the stipulation of settlement took into account a separation agreement and that under these circumstances CPLR 8012 (subd. [b], par. 3) should not be construed as to limit the poundage to the monetary amount set forth in the settlement but should include as consideration the separation agreement.
The right of a Sheriff to poundage is wholly statutory and must be strictly construed (Personeni v. Aquino, 6 N Y 2d 35). Where, however, a proper levy is made and the parties agree to discontinue the action and vacate the order of attachment, all without consideration and without notice to the Sheriff and without his consent or participation, he is nevertheless entitled to his poundage (Miller v. Miller, 108 App. Div. 310). In addition, it is obvious that this action was discontinued and the consideration for the discontinuance was the separation agreement. Where the circumstances show that the plaintiff got approximately what she wanted, it is unnecessary that the settlement be viewed solely in terms of its monetary aspects (Bruskin v. Diamond Trading Co., 182 Misc. 444). Therefore, under these circumstances the Sheriff is entitled to poundage based upon the property levied upon. In addition the Sheriff is not relegated to a plenary action to collect his fees, and may pursue his claim for fees by motion (Jewelry Realty Corp. v. Newport Assoc., 64 Misc 2d 409, Manni v. Shirtcraft Co., 6 Misc 2d 925).
As to which of the parties is liable for said fees, it appears that the parties by virtue of the settlement, a copy of which is not before the court, have consented that the defendant Peter Emolí has agreed to assume the burden of all the expenses incident to this action.
Accordingly the motion is denied and the cross motion granted.