Memorandum. The order of the Appellate Division should be modified to the extent of granting defendant (and inter-pleading plaintiff) Aetna’s cross motion for summary judgment, directing that it be permitted to deposit the amount of its bond into court and, as so modified, affirmed, with costs to prevailing parties; and the question certified should be answered in the negative.
Since Aetna "may be exposed to multiple liability as a result of adverse claims”, it qualifies as a stakeholder (CPLR 1006, subd [a]) and may seek to be discharged pursuant to the provisions of CPLR 1006 (subd [f]) provision. In such circumstance, "[ajbsent laches, a motion for discharge of the stakeholder should be granted, assuming no other valid objection” is made (2 Weinstein-Korn-Miller, NY Civ Prac, par 1006.13, p *905 10-103). No claim of laches is made, nor is there any other valid objection to the relief sought by Aetna. Subject to the possible award of costs, by the express terms of the attachment bond forming Aetna’s liability, such liability cannot exceed the amount it seeks to deposit in court and, hence, Aetna’s cross motion for summary judgment should have been granted.
There is no triable issue of fact that would preclude summary judgment on the main appeal.. In the prior action by interpleaded defendant-appellant Dayon against plaintiff Downe Communications, Inc., it was conclusively decided that Dayon was not entitled to the order of attachment (Dayon v Downe Communications, 41 AD2d 611, app dsmd 32 NY2d 937). Thus, plaintiff was properly awarded summary judgment on the issue of liability on the bond (see Subin v United States Fid. & Guar. Co., 12 AD2d 49, 50).
Nor has a triable issue been raised respecting interpleaded defendant-respondent Sheriff Kehl’s right to summary judgment. The claim is made that since Sheriff Kehl did not reduce the attached property to his possession that poundage is not due him. However, it is not necessary for the Sheriff to have reduced the property to his physical possession or to have actual custody in order to be entitled to poundage (Gimenez v Great Atlantic & Pacific Tea Co., 242 App Div 485; Esselstyn v Union Sur. & Guar. Co., 82 App Div 474). All that is necessary is a properly effectuated levy (see CPLR 8012, subd [b], par 3) which, in this case, was accomplished by service of a copy of the order of attachment upon two banks which were indebted to Downe Communications (see CPLR 6214, subd [a]). Moreover, it has never been held, as Dayon asserts, that the amount of poundage is discretionary.
We have examined Dayon’s other contentions and find them without merit.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
Order modified, with costs to the prevailing parties against interpleaded defendant-appellant Dayon, in accordance with the memorandum herein and, as so modified, affirmed. Question certified answered in the negative.