■ ABRAHAM LEVY et al., Respondents, v CITY OF NEW YORK et al., Respondents, and JOHN C. MANDEL SECURITY BUREAU, INC., Appellant.—In a negligence action to recover damages for personal injuries, etc., defendant John C. Mandel Security Bureau, Inc. (Mandel) appeals from an order of the Supreme Court, Kings County, dated March 26, 1979, which denied its cross motion for summary judgment dismissing the complaint and all cross claims against it. Order reversed, on the law, without costs or disbursements, and cross motion granted. On February 12, 1977, plaintiff Abraham Levy was injured when he slipped on the ice on a sidewalk in the housing development in which he resides. He alleged that the ice had formed the day before when water was negligently spilled on the sidewalk in the course of the fire department's attempt to clear the flooded basement of a building in the development. He instituted this action against the City of New York, the owner of the building, its managing agent, a maintenance contractor, and Mandel, a security agency. The maintenance contractor failed to answer. The remaining defendants all entered general denials, and each cross-claimed against the others. In the course of the proceedings, Mandel submitted a cross motion for summary judgment dismissing the complaint and all cross claims against it. Only the owner and the managing agent opposed that relief. In the complaint, Mandel's liability was predicated upon an alleged breach of its contract with the owner to provide protective services for persons and property in the housing development. On the cross motion, Mandel maintained that it was obligated under the contract only to provide crime prevention services only and that it had no obligation to act in maintenance emergency situations such as the one which resulted in plaintiff's injury. In support of its position, Mandel submitted the affidavit of its operations manager who averred that it was never intended that Mandel provide other than crime prevention services, and that that understanding had been reaffirmed in frequent meetings which he had attended with the owner's security committee. In opposition to the cross motion, the owner and managing agent submitted only the affidavits of their attorneys, made upon information and belief, which asserted in conclusory fashion that the contract unambiguously obligated Mandel to provide protection in circumstances like the one which caused the injury. Special Term denied the cross motion for summary judgment, finding that there were triable issues of fact as to the interpretation of the contract. Although the contract was arguably ambiguous with respect to the precise boundaries of Mandel's obligation, its terms were fully consistent with the contention that the security agency was obliged to provide crime prevention services only. In our view, the contract, as amplified by the sworn allegations of Mandel's operations manager, was sufficient to establish a prima facie entitlement to summary judgment. Moreover, the papers in opposition did not raise triable issues of fact sufficient to defeat the motion. No affidavits were submitted by anyone having personal knowledge of the circumstances surrounding the signing of the contract or reflecting upon the intent of the parties thereto. No evidence was offered relating to previous performance under the terms of the contract; no mention was made of the security committee meetings referred to by the operations manager; no suggestion was made that the owner had

asked Mandel to provide any service with respect to the icy sidewalk which apparently remained as a dangerous condition over a day-long period. A motion for summary judgment based upon a contractual obligation may not be defeated solely by an allegation that the contract is ambiguous. The party opposing summary judgment must lay bare the extrinsic evidence upon which it will rely to support the construction it urges (see *Mallad Constr. Corp. v County Fed. Sav. & Loan Assn.,* 32 NY2d 285, 290). Since Mandel demonstrated its entitlement to summary judgment and since the attorneys' affidavits submitted in opposition were insufficient to defeat the motion, summary judgment should have been granted *(Zuckerman v City of New York,* 49 NY2d 557; *Chickering v Colonial Life Ins. Co. of Amer.,* 51 AD2d 566). Hopkins, J. P., Damiani, Titone and Mangano, JJ., concur.