◼ WARREN MARTIN et al., Plaintiffs, v CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Defendant and Third-Party Plaintiff-Appellant. MADISON DETECTIVE BUREAU, INC., Third-Party Defendant-Respondent.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order

are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

On January 12, 1983, as he was leaving the premises owned by the defendant third-party plaintiff, the plaintiff Warren Martin slipped on an accumulated substance on the floor. The plaintiff was employed by the third-party defendant to provide security services to the premises pursuant to a purchase order entered into by it and the defendant third-party plaintiff which incorporated by reference the various duties imposed upon the third-party defendant and included an indemnification clause.

Contrary to the defendant third-party plaintiff's assertion on appeal, we do not construe this crime-prevention service contract as imposing an affirmative duty on the third-party defendant to provide any service with regard to the maintenance of the floor. Under the circumstances, we agree with the finding of the Supreme Court that this case is governed by *Lopez v Consolidated Edison Co.* (40 NY2d 605, 609; *see also, Levy v City of New York,* 75 AD2d 841). In light of this finding, we do not reach the merits of other contentions raised in this appeal. Thompson, J. P., Brown, Weinstein and Harwood, JJ., concur.