■ WARREN MARTIN et al., Plaintiffs, v CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Defendant and Third-Party Plaintiff-Appellant. MADISON DETECTIVE BUREAU, INC., Third-Party Defendant-Respondent.—Motion by the third-party plaintiff Consolidated Edison Company of New York, Inc., *inter alia,* for reargument of appeals from an order of the Supreme Court, Kings County (Levine, J.), dated August 12, 1987, and from a judgment of the same court entered September 3, 1987, which were decided by decision and order of this court dated May 31, 1988 [140 AD2d 674].

Ordered that reargument is granted; and it is further,

Ordered that upon reargument, the last paragraph of the decision and order of this court dated May 31, 1988, is vacated, and the following paragraph is substituted therefor: "The third-party defendant asserted that the purchase order incorporating the contractual indemnification provisions was unsigned and that the indemnification provisions were ambiguous since the first clause provides indemnification against the sole negligence of Consolidated Edison Company of New York, Inc., while the latter clause, relating to indemnification for personal injuries, does not. Even if a written contract were deemed to exist between the parties, we construe these ambiguous indemnification provisions in a light most favorable to the third-party defendant, and find they imposed only a duty to protect against the negligence of third parties which might render the premises vulnerable to negligence, theft, and sabotage. Thus, under these circumstances, we agree with the

finding of the Supreme Court that this case is governed by *Lopez v Consolidated Edison Co.* (40 NY2d 605, 609; *see also, Levy v City of New York,* 75 AD2d 841, 842). In light of this finding, we do not reach the merits of the other contentions raised on this appeal."; and it is further,

Ordered that the original determination is otherwise adhered to and the motion is otherwise denied in all respects. Thompson, J. P., Brown, Weinstein and Harwood, JJ., concur.