OPINION OF THE COURT
Joseph S. Levine, J.
This motion seeks an order pursuant to CPLR 8012 directing the payment of poundage fees due the Sheriff of the City of New York. The motion raises three issues. One, must the Sheriff commence a plenary action to recover poundage fees? *757 Two, may poundage fees be recovered absent the actual collection of money by the Sheriff? Three, who is liable for the poundage fees?
The underlying cause of action was a personal injury suit whose only novelty was a question of indemnification between Consolidated Edison Company of New York, Inc. (Con Edison), as defendant/third-party plaintiff, and the third-party defendant. In a decision dated August 17, 1987, this court ruled that the contractual provision relied upon by Con Edison did not operate to indemnify Con Edison for its own negligence. Consequently, a judgment on a prior settlement was entered against Con Edison in the amount of $90,000. The judgment was entered on September 3, 1987.
On September 10, 1987 the plaintiffs’ attorney filed with the Sheriff an execution directing that a levy be made on Con Edison. Pursuant to this execution, a levy was made by the Sheriff on the assets of Con Edison on September 11, 1987. Also on that date, Con Edison filed a notice of appeal and an undertaking to secure the plaintiffs’ judgment.
On May 31, 1988 the Appellate Division, Second Department, affirmed the judgment. (140 AD2d 674.) On November 21, 1988 the Appellate Division granted Con Edison’s motion for reargument and, upon reargument, adhered to its original determination. (144 AD2d 547.) On December 16, 1988, Con Edison served upon plaintiffs’ attorney a notice of intention for permission to appeal and stay all proceedings pursuant to CPLR 5519. On January 6,1989, Con Edison served a notice of motion for leave to appeal to the Court of Appeals.
On or about January 18, 1989, the plaintiffs’ attorney filed with the Sheriff an execution on the judgment. This execution was directed to Chemical Bank as garnishee. Pursuant to this execution, a levy was made by the Sheriff on the garnishee on January 23, 1989. Chemical Bank informed Con Edison that in its opinion the levy was stayed but would not release any of Con Edison’s funds on deposit until the levy was vacated. By order to show cause, Con Edison moved this court for an order vacating the execution and staying all further action on the enforcement of the judgment pending action by the Court of Appeals. On March 21, 1989 this court granted Con Edison’s motion.
The Court of Appeals denied Con Edison’s motion seeking leave to appeal. On May 19, 1989 Con Edison mailed to plaintiffs’ counsel a check in the amount of $104,644.60 in full *758 satisfaction of the judgment. This check did not include any amount for poundage fees. With the approval of the Sheriff, and upon the Sheriff’s representation that poundage fees would be sought from Con Edison, the plaintiffs’ attorney disbursed the funds to his clients.
Poundage is a fee awarded to a Sheriff in the nature of a percentage commission upon moneys recovered pursuant to a levy. The Sheriff’s right to collect and receive poundage is wholly statutory. Since this statute is in derogation of the common law, its interpretation and application must be strictly construed. (Personeni v Aquino, 6 NY2d 35 [1959].)
The statute governing the collection of poundage fees is CPLR 8012 (b). In language relevant to this decision, the section provides as follows:
"(1): A sheriff is entitled, for collecting money by virtue of an execution * * * to poundage of, in the counties within the city of New York, five per cent of the sum collected * * *
"(2): Where a settlement is made after a levy by virtue of an execution, the sheriff is entitled to poundage upon the value of the property levied upon * * *. Where an execution is vacated or set aside, the sheriff is entitled to poundage”.
Normally, the Sheriff must actually collect or obtain money in order to be entitled to poundage. Case law has expanded the two exceptions noted above to include instances of affirmative interference with the collection of money. (Famous Pizza v Metro Kosher Pizza, 119 AD2d 721.)
The initial question before the court is the procedural requirements applicable to the collection of poundage fees. The statute does not address this issue. However, there is ample authority for the proposition that the Sheriff need not start a plenary action to collect poundage. (See, Knoll v Knoll, 78 Misc 2d 710; Jewelry Realty Corp. v Newport Assocs., 64 Misc 2d 409.) The rationale of these decisions is persuasive. The party to be charged the poundage is already a party to the lawsuit and the enforcement of the money judgment is conducted within the framework of the predicate action.
At each stage of the enforcement proceedings, the judgment debtor took steps which would render it liable for poundage fees. Once the Sheriff levied on the execution by serving Con Edison with the execution in 1987, the judgment debtor became responsible for poundage. (Downe Communications v Aetna Cas. & Sur. Co., 37 NY2d 903.) Con Edison argues that its undertaking was procured before the levy. If that is so, *759 then it preceded the levy by a matter of hours. It is not necessary to resolve that issue for purposes of this motion. Subsequent acts by Con Edison clearly render it responsible for the poundage fees.
Shortly after their motion for leave to appeal to the Court of Appeals was denied, the judgment debtor Con Edison sent a check to the plaintiffs’ counsel in full satisfaction. This act would ordinarily be interpreted as a settlement under CPLR 8012 (b) (2) and as such it’s an affirmative act making Con Edison liable for poundage. However, on March 21, 1989, this court vacated the execution and stayed all further action on the enforcement of the judgment pending action by the Court of Appeals. This vacatur was the result of Con Edison’s motion. The application was occasioned by a garnishee’s refusal to release funds in a checking account belonging to Con Edison. This act by the judgment debtor to vacate the execution clearly makes Con Edison liable for the poundage fees pursuant to CPLR 8012 (b) (2). (See, Matter of Associated Food Stores v Farmer’s Bazaar, 126 Misc 2d 541.)
Based upon the foregoing, the Sheriff’s motion is granted and the judgment debtor, Con Edison, is ordered to pay poundage fee to the Sheriff in the amount of $5,106.61.