■ DEBORAH SHAPIRO KURTZMAN, Plaintiff, v ERIC BERGSTOL et al., Defendants, and SONYA SHAPIRO et al., Appellants. SHERIFF OF ROCKLAND COUNTY, Nonparty Respondent. [878 NYS2d 893]—

In an action, inter alia, to recover damages for breach of fiduciary duty, the defendants Sonya Shapiro and Milton Shapiro appeal (1) from a judgment of the Supreme Court, Rockland County (Weiner, J.), dated January 18, 2008, which awarded the Sheriff of Rockland County the total sum of $30,557.29, (2) from an order of the same court (Apotheker, J.), dated May 27, 2008, which directed the parties to submit evidence to determine the value of the subject real property to aid in the determination of their motion pursuant to CPLR 5015 to vacate the judgment dated January 18, 2008, and (3), as limited by their reply brief, from so much of an order of the same court (Apotheker,

J.), dated August 1, 2008, as denied their motion pursuant to CPLR 5015 to vacate the judgment dated January 18, 2008.

Ordered that the appeal from the order dated May 27, 2008, is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the order dated August 1, 2008, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the Sheriff of Rockland County.

The order dated May 27, 2008, did not decide a motion made on notice, but merely directed a hearing to aid in the determination of the appellants' motion. Therefore, no appeal lies as of right from that order (*see* CPLR 5701 [a] [2]). Inasmuch as leave to appeal has not been granted (*see* CPLR 5701 [c]), and we decline to grant leave to appeal in light of the fact that the order dated May 27, 2008, was superseded by the order dated August 1, 2008, the appeal from that order must be dismissed (*see Mohler v Nardone*, 53 AD3d 600 [2008]).

The appellants' contention that the judgment should have been vacated because the court lacked jurisdiction to issue it is without merit; the sheriff was not required to commence a plenary action to collect poundage (*see Martin v Consolidated Edison Co. of N.Y.*, 146 Misc 2d 756, 758 [1990], *affd* 177 AD2d 548 [1991]; *Knoll v Knoll*, 78 Misc 2d 710, 711 [1974]), as the party to be charged the poundage already was a party to the lawsuit, and the enforcement of the money judgment was conducted within the framework of the predicate action (*see Martin v Consolidated Edison Co. of N.Y.*, 146 Misc 2d at 758).

The appellants' remaining contentions are improperly raised on appeal or are without merit. Skelos, J.P., Fisher, Balkin and Belen, JJ., concur.