Dye, J.
In this appeal, by permission, we deal with the right of a Sheriff to collect or receive poundage fees on a duly levied execution for debt on which no collection had been made, because the execution had been rendered null and void by operation of law. In this instance it was due to the circumstance that the judgment creditor failed to take action to collect the debt within 120 days, or to obtain an order extending the time to do so as required by subdivision 7 of section 687-a of the Civil Practice Act.
The right of a Sheriff to collect and receive poundage is wholly statutory (Civ. Prac. Act, § 1558). In substance that section provides a percentage fee based on the amounts actually collected (subd. 20) and, when no collection has been made, the Sheriff may, nonetheless, be entitled to poundage upon the value of the property levied upon (1) where a settlement is made after a levy, not exceeding the sum at which the settlement is made, or (2) where an execution has been “vacated or set aside ” upon the value of the property levied not exceeding the amount specified in the execution (subd. 19 as it then was).
The essential facts are not in dispute. The plaintiff-respondent Personeni was awarded a judgment by the Supreme Court, New York County, in the sum of $16,766.88 against the defendant Cyrus Aquino. Examination of the debtor Aquino in proceedings supplementary to execution disclosed that he was the owner of a bond and mortgage which was a lien on premises at 389 Broome Street, New York City, on which there was an unpaid balance of $16,500 payable at the rate of $250 quarterly. The Sheriff duly levied on the debt and demanded payment which was refused.
The bond and mortgage were then in the possession of Aquino’s attorney who resided and had his office in Kingston, Ulster County, N. Y. The documents were being held by him under legitimate circumstances fully described in the record and which have no particular significance in the decision of the precise question here involved, namely: whether the failure *38 of a judgment creditor to take action, as authorized and within the time limitations prescribed in subdivision 7 of section 687-a of the Civil Practice Act, amounts to an interference equivalent to having the execution vacated or set aside within the meaning of subdivision 19 of section 1558 as it then was, the substance of which is now incorporated in subdivision 21 of new section 1558 (L. 1958, ch. 942).
It is clear that the within case does not fall within the purview of those statutory exceptions allowing poundage without collection. Nonetheless, the appellant Sheriff claims he is entitled to his poundage because the failure of the plaintiff-respondent to proceed timely under subdivision 7 of section 687-a so interfered with his collection that it amounted to a vacatur of the execution.
Interference as a basis for allowing poundage without collection was first enunciated as an intervention of the plaintiff by the performance of some act which in law is deemed to be the equivalent of collection (Flack v. State of New York, 95 N. Y. 461; Campbell v. Cothran, 56 N. Y. 279) which in effect and substance contemplates an affirmative act on the part of the plaintiff which actively interferes with the execution of process and which, in effect, is equivalent to collection. While the respondent’s inaction may have rendered the within execution ineffective and void by operation of law, it cannot be said that such inaction was equivalent to collection within the meaning of the exceptions mentioned in the statute. The statutory exceptions authorizing poundage for noncollection—vacatur or the setting aside of the execution—are in derogation of common law and must be strictly construed. When so read the statutory intendment underlying the right to collect and receive poundage contemplates action of an affirmative rather than a negative nature.
The order appealed from should be affirmed, with costs.