**EASTERN METAL PRODUCTS CORP.,**
Plaintiff,

v.

**LANDERS OF ARKANSAS, INC.,**
Defendant.

United States District Court
S. D. New York.
Sept. 21, 1960.

Alvin Miller, New York City, for plaintiff.

Winthrop, Stimson, Putnam & Roberts, New York City, for defendant; Merrell E. Clark, Jr., New York City, of counsel.

Sidney Posner, New York City, Counsel to the Sheriff of the City of New York; Frederick Weinberger, New York City, of counsel.

HERLANDS, District Judge.

Two specific questions now before the court are:

1. Is the Sheriff of the City of New York entitled to poundage under the facts herein?

2. If so, should plaintiff or defendant pay that fee?

The resolution of these questions requires an interpretation of the New York Civil Practice Act, §§ 922 and 1558. The questions are posed by a motion of defendant, Landers of Arkansas, Inc., to vacate a State court warrant of attachment issued on December 29, 1958.

This action was commenced in the New York Supreme Court, in and for the County of Westchester, in December 1958. A warrant of attachment was signed by Supreme Court Justice Frank H. Coyne on December 29, 1958. This warrant was filed with the Sheriff of the City of New York on December 30, 1958. A levy was made on that date on A. Cohen & Sons Corp., a debtor of defendant.

The State court action was instituted by means of a warrant of attachment in order to obtain jurisdiction over defendant, an Arkansas corporation. In February 1959, defendant caused the action to be removed to this court. An answer was filed on March 4, 1959.

The parties have stipulated to set aside the warrant of attachment. However, the Sheriff's claim—that he is entitled to the payment of his official fees representing statutory poundage of $364.06—prevents the granting of an order on consent and requires an adjudication.

The following are undisputed facts:

On December 30, 1958, as already noted, levy was made by the Sheriff on A. Cohen & Sons Corp., defendant's debtor. By letter dated January 8, 1959, the garnishee (A. Cohen & Sons Corp.) advised the Sheriff that it owed defendant $7,371.12, subject to possible adjustments and discounts. The garnishee further stated: "[W]e are holding this amount subject to your direction."

Following this letter of January 8, 1959 (copy of which was sent to plaintiff's attorney), the Sheriff made demand on the garnishee for the turnover of the fund to him. By letter dated January 15, 1959, the garnishee again verified the indebtedness. Plaintiff was advised of this communication.

The parties agree that the December 30, 1958 levy by the Sheriff on A. Cohen & Sons Corp. was properly made and effective pursuant to C.P.A., § 917, subd. 2. This statute provides that a levy may be made upon an indebtedness by leaving a certified copy of the warrant of attachment with the debtor. The parties disagree with respect to the legal effect of the events following this levy.

The Sheriff argues that he earned his statutory fee by the making of a valid attachment, and that the litigants' interference with a process filed with the Sheriff after the Sheriff has proceeded to act thereon entitles the Sheriff to poundage. The Sheriff also argues that the stipulation of the parties (which provided, in part, for the vacating of the warrant of attachment) entitles him to poundage.

The Sheriff further argues that, under C.P.A., § 1558, subd. 22, where a levy has been made under a warrant of attachment and the warrant is vacated, the Sheriff is entitled to poundage.

Defendant argues that the Sheriff is not entitled to any fee at all. Defendant asserts the following propositions:

1. If the Sheriff is entitled to any fees at all, that right could exist only by virtue of C.P.A. section 1558, subd. 20 or section 1558, subd. 22. Subdivision 20 refers to payment to the Sheriff for the collecting of money. Since, in this case, the Sheriff did not collect any money, he can not receive poundage under section 1558, subd. 20.

2. The Sheriff has no rights under subdivision 22 since he cannot "*retain the property levied upon*" (emphasis supplied), a phrase used in subdivision 22.

3. The warrant of attachment became void by operation of law ninety days after levy. There is no property presently attached; and the Sheriff is not entitled to a fee.

4. If any fees are payable, it is plaintiff who must pay them.

Defendant is correct in its first contention. Inasmuch as no money was collected, subdivision 20 affords the Sheriff no rights under the facts at bar. If the Sheriff is to receive poundage, it must be pursuant to section 1558, subd. 22.

Defendant does not cite any cases in support of its interpretation of section 22. The phrase "retain the property levied upon", as used in the statute, does not mean that the Sheriff is required to obtain possession of the property as a prerequisite to his right to a fee. The retention of property is only a remedy given to him to enable him to collect his fee. It is not necessary for the Sheriff to have actual custody or physical possession of the property levied on in order to be entitled to poundage. Crown Manufacturing Company v. The United Piece Dye Works, S.Ct.N.Y.Co.1957, 7 Misc.2d 105, 162 N.Y.S.2d 223. In the court's view, the Sheriff is entitled herein to fees under section 1558, subd. 22.

The question has been posed whether the warrant of attachment herein is presently effective or whether it became void by operation of law. (If the warrant became void by operation of law, there would be a further question as to whether the Sheriff is entitled to his fee, in light of Personeni v. Aquino, 1959, 6 N.Y.2d 35, 187 N.Y.S.2d 764, 159 N.E.2d 559. However, we do not reach this further question, as we conclude that the warrant did not become void by operation of law.)

Plaintiff mistakenly argues that, under C.P.A. § 922, subd. 2, the Sheriff's levy became void when no action was brought by him within ninety days to reduce the property in question to possession.

The statute states that ninety days after levy is made it will become void unless:

1. The time has been extended; or

2. The Sheriff has taken the property into custody; or

3. The Sheriff has received payment; or

4. The Sheriff has received "an assignment evidencing the right of the Sheriff to collect and to enforce the debts, effects or things in action attached."

The fourth proviso is of controlling importance in the present case.

The Sheriff states that (by letter dated January 8, 1959) the garnishee advised the Sheriff that it owed defendant $7,371.12, subject to possible adjustments and discounts; and that the garnishee is holding that amount subject to the Sheriff's direction. This indebtedness was again verified by the garnishee in a letter dated January 15, 1959. In the January 15th letter, the indebtedness was reduced by allowances to $7,281.13. Plaintiff was advised of both of these communications.

A reading of the briefs and papers filed herein and the court's independent research indicates that there are neither reported decisions nor legislative history bearing upon the interpretation of the "assignment" provision of C.P.A. § 922.

Defendant cites a memorandum issued by the Office of the Sheriff of the City of New York stating that receipt of a certificate from a person served with the warrant does not constitute reduction to possession. The court agrees with the Sheriff's statement that "it had nothing to do with an assignment under 922 CPA." The certificate referred to in the Sheriff's memorandum is that required by C.P.A. § 918. It requires the debtor, upon application of a sheriff holding a warrant of attachment, to furnish the sheriff with a certificate specifying the debt owing to defendant. The mere statement of the amount of the debt owing to defendant does not constitute an assignment. The Sheriff does not so contend.

■ The word "assignment," as used in section 922, embodies the concept of attornment since it deals with a debtor of defendant. By means of the garnishee's letter of January 8, 1959 to the Sheriff, the garnishee unequivocally relinquished control over the fund and explicitly acknowledged the Sheriff's right to and control over the fund. This constitutes an "assignment" within the meaning of section 922 of the Civil Practice Act, evidencing the Sheriff's collection and enforcement rights. The garnishee's statement was in writing, signed by the party sought to be charged and an effective assignment. The warrant of attachment, thus, did not become void by operation of law.

■ Interference by plaintiff with the execution of the process entitles the Sheriff to poundage. Flack v. State of New York, 1884, 95 N.Y. 461. Even the reduction of the sum contained in the warrant to a lesser sum is interference and entitles the Sheriff to poundage for the full amount. Crown Manufacturing Company v. American Piece Dye Works, supra.

As was indicated in Flack, supra, the equities involved here are similar to those underlying the principle that prevents a party to a contract from asserting the non-performance of a condition precedent by the other party where he has by his own conduct made performance thereof by such party impossible.

■ Vacatur of an attachment requires payment to the Sheriff of his poundage. C.P.A. § 1558, subd. 22. Since there presently exists a valid attachment, which is hereby vacated, poundage is due to the Sheriff.

■ The next question requires a determination of the party who is liable for the Sheriff's poundage.

Under the applicable statute [C.P.A. § 1558, subd. 22], where the warrant of attachment is vacated, the party at whose instance the attachment is issued is liable for payment of the Sheriff's fees. But when the attachment has been otherwise discharged by order of the court, the party at whose instance the attachment is discharged is liable for

such payment. The crucial distinction is between a "vacatur" and a "discharge."

An analysis of the full record establishes that this is a case of vacatur and not discharge. The motion at bar is by defendant for an order "vacating, annulling and setting aside" the warrant of attachment.

To characterize the present motion as one for "discharge" and not a "vacatur" would require the court to disregard the clearly expressed intention of both parties that the present motion be one to vacate the warrant of attachment. That intent is clearly expressed by defendant in the notice of motion. It is also expressed by both parties in the stipulation proposed by their attorneys. Defendant's purpose is to remove the attachment from the moneys which are owed to it. Two avenues were open to achieve this result: (1) defendant could have moved for a discharge and posted a bond; or, if plaintiff had so stipulated, the discharge could have been obtained without posting a bond; (2) the second avenue (and the one that defendant chose) is a motion to vacate.

Plaintiff similarly had a choice of procedure: it could have refused to enter into any stipulation with regard to the attachment, or it could have refused to stipulate to the motion to vacate, agreeing only that a bond would not be necessary if a court granted a discharge on defendant's motion. Instead of following either of these two paths, which would have transferred the burden of poundage to defendant, plaintiff stipulated to a motion to vacate. The court is disinclined to relieve the parties of the consequences of their bargain.

Considering both the form and the substance of the transaction, the court is of the view that the transaction is closer to vacatur than to discharge.

A motion to vacate is generally made by a defendant to free his assets from attachment by reason of something that the plaintiff has not done or has done improperly or some failing in plaintiff's case.

A motion for discharge is generally made by a defendant who concedes, at least *arguendo*, that the plaintiff has proceeded properly but offers to give plaintiff the equivalent of the attachment (e. g., a bond) in exchange for a release of the property.

The events herein more strongly resemble a settlement accompanied by an order of vacatur, as a consequence of which the liability for poundage is on plaintiff, the party at whose instance the attachment issued.

Motion granted. Settle order in accordance with the above opinion.