Daniel G. Albert, J.
This is an application for an order fixing the poundage claimed to be due to the Sheriff of the City of New York and directing the docketing of such order as a judgment. The motion is granted.
There is no dispute as to the facts. They reveal that an execution was issued to the Sheriff directing him to levy against intangible personal property constituting a bank account of the respondent with the Morgan Guaranty Trust Company (Morgan). The levy was made on January 22, 1964. The following day Morgan was served with an order staying further proceedings pending determination of an application for a stay. On February 3, 1964, in determining the aforesaid application, an order was entered staying all proceedings under the said execution and setting up a fund as an undertaking from which satisfaction of the judgment could be made.
It is contended, in opposition to the application, that the Sheriff’s right to poundage is limited to those cases where he *38 has collected money (CPLR 8012, snbd. [b], par. 1), or where, after levy by virtue of execution has been made, a settlement has been effected, or where the execution has been vacated or set aside. (CPLERmoney was ever collected, nor was the execution ever vacated or set aside, and that, therefore, no poundage is due the Sheriff.
Affirmative conduct which actively interferes with the Sheriff has been held to constitute the equivalent of collection (Personeni v. Aquino, 6 N Y 2d 35; Flack v. State of New York, 95 N. Y. 461; Campbell v. Cothran, 56 N. Y. 279; National State Bank of Newark v. Garan, 36 Misc 2d 659). This is a judicially created exception to the rule that the Sheriff must collect (8 Weinstein-Korn-Miller, N. Y. Civ. Prac., § 8012.04).
In the opinion of this court the respondent, by obtaining a stay of execution and by creating a fund as an undertaking from which the judgment could be satisfied, performed an affirmative act which constituted an interference with the Sheriff equivalent to collection. It is not necessary to determine whether this ‘ ‘ undertaking ’ ’ constituted a settlement within the meaning of the statute. It was an intervention within the doctrine of the cited cases. Paraphrasing Judge Froessel in the Personeni case (supra, p. 39) “to hold otherwise would permit litigants to escape their statutory obligation to pay poundage after the aid of the Sheriff has been invoked, and his service has been rendered ” by putting up collateral which insures payment of any judgment to secure a stay of execution.