■ MARK THORNTON et al., Respondents, v MONTEFIORE HOSPITAL et al., Appellants, and SHERIFF OF THE CITY OF NEW YORK, Respondent.—Order, Supreme Court, Bronx County (Louis Kaplan, J.), entered November 5, 1984, denying defendant Montefiore's motion for a refund of the $48,841.85 poundage fee paid to the Sheriff for the release of executions upon two of Montefiore's bank accounts, modified, on the law, to grant the motion to the extent of directing the Sheriff to refund $19,194.06, and, except as thus modified, affirmed, without costs or disbursements.

This dispute is an outgrowth of a judgment entered in plaintiff's favor in a medical malpractice action, after an agreed-to reduction by the trial court (Mercorella, J.), in the sum of $947,952.75. On appeal, this court ordered a new trial on damages unless plaintiffs agreed to a reduction of the judgment to approximately $500,000 *(Thornton v Montefiore Hosp.,* 99 AD2d 1024), to which reduced judgment plaintiffs eventually agreed. Thereafter, on June 23, 1983, without an appeal bond having been filed despite repeated requests to

secure the judgment, plaintiffs' counsel delivered to the Sheriff two executions with notice to levy pursuant to CPLR 5232 (a), listing as garnishees a branch of Chemical Bank and a branch of Manufacturers Hanover Trust, where defendant Montefiore had payroll accounts. The Sheriff levied on the two accounts the next day. That same day, as soon as he learned of the levies, Montefiore's counsel telephoned plaintiffs' counsel and, explaining that the hospital could not wait until Monday to post a bond and move for a release of the fund since it was payday and the staff had to be paid, requested a withdrawal of the levies. On the strength of counsel's promise to secure the judgment on the following Monday, plaintiffs' counsel agreed to withdraw the levies provided that plaintiffs would not have to pay poundage. When informed of these developments, the Sheriff, however, would only agree to release the funds if Montefiore paid his poundage fee. Given the exigency of the situation, Montefiore paid the fee of $48,841.85. Upon receipt of his poundage, the Sheriff released the accounts and subsequently transferred the fee to the Finance Administrator. Montefiore thereafter moved for a refund of the $48,841.85 poundage fee. Special Term denied the motion.

Montefiore argues that the Sheriff's right to poundage is limited to those instances where he has "collected" money by virtue of an execution (CPLR 8012 [b] [1]) and since, admittedly, he has collected nothing, and this case does not come within the specific, exceptional situations provided for in CPLR 8012 (b) (2), he is not entitled to a poundage fee simply for levying on Montefiore's bank accounts. This argument, appealing as it may be, is without merit since it has been held that affirmative action which actively interferes with the Sheriff's collection process is tantamount to collection. *(Personeni v Aquino,* 6 NY2d 35; *Flack v State of New York,* 95 NY 462; *Campbell v Cothran,* 56 NY 279; *Matter of Standardbred Owners Assn. [Yonkers Raceway],* 44 Misc 2d 37.) By promising to post an appeal bond if its accounts were released the same day upon which they had been levied, thereby "creating a fund as an undertaking from which the judgment could be satisfied" *(supra,* at p 38), and independently promising to pay the poundage in exchange for the parties' acquiescence to its importunings, Montefiore affirmatively interfered with the Sheriff's collection process, entitling him to poundage.

A modification is in order, however, since, in accordance with plaintiffs' stipulation to a reduction of the verdict from $925,030 to $484,480 pursuant to this court's order (99 AD2d 1024, *supra),* an amended judgment was entered in the

amount of $592,955.85. Where a Sheriff levies upon a judgment that is reduced on appeal prior to collection he is entitled to a poundage fee only on the amount of the judgment as reduced. *(Campbell v Cothran,* 56 NY 279, *supra; see also, Gimenez v Great Atl. & Pac. Tea Co.,* 242 App Div 485.) Montefiore's interference with the collection process notwithstanding, the Sheriff's poundage should be no greater where there is interference than in those cases where the collection process takes its normal course. Thus, the Sheriff should be directed to refund $19,194.06, that portion of the poundage fee that exceeds 5% of $592,955.85.

We modify accordingly. Concur—Kupferman, J. P., Sullivan, Ross, Carro and Ellerin, JJ.