■ FAMOUS PIZZA, LTD., Respondent, v METSS KOSHER PIZZA, INC., Respondent. SHERIFF OF COUNTY OF NASSAU, Nonparty Appellant.—In an action to recover moneys owed on certain notes, the Sheriff of Nassau County appeals from so much of an order of the Supreme Court, Nassau County (Kutner, J.), entered April 26, 1985, as denied poundage fees.

Order affirmed insofar as appealed from, with costs.

"Poundage is a fee awarded to the Sheriff in the nature of a percentage commission upon moneys recovered pursuant to a levy or execution of attachment" (Southern Indus. v Jeremias, 66 AD2d 178, 186). The Sheriff's right to receive poundage fees is wholly statutory (CPLR 8012 [b]; Personeni v Aquino, 6 NY2d 35, 37), and the statute must be strictly construed (Matter of Associated Food Stores v Farmer's Bazaar, 124 Misc 2d 650, mod 126 Misc 2d 541; Knoll v Knoll, 78 Misc 2d 710). Under the statute, the Sheriff is entitled to poundage fees "for collecting money by virtue of an execution" (CPLR 8012 [b] [1]). Thus, the Sheriff must actually collect or obtain money in order to be entitled to poundage, except where a settlement is made after a levy by virtue of an execution, where an execution is vacated or set aside, or where the party who issued the process under which the Sheriff acts interferes with the collection of the money (CPLR 8012 [b] [2]; Personeni v Aquino, supra, at p 37; Southern Indus. v Jeremias, supra, at p 186; 8 Weinstein-Korn-Miller, NY Civ Prac ¶ 8012.04; 9 Carmody-Wait 2d, NY Prac, at 470, 471).

In this case, the Sheriff levied at the defendant's place of business by virtue of an execution, but no money or property was collected, and none of the exceptions to the rule requiring actual collection appear to be applicable. Accordingly, so much of the order appealed from as denied poundage fees to the Sheriff must be affirmed. Mollen, P. J., Mangano, Gibbons and Bracken, JJ., concur.