■ RED CHEEK, INC., Appellant, v CROWN CONFECTIONS, INC., Respondent.—In an action to recover the principal sum of $51,004.80 for goods sold and delivered, the plaintiff ap-

peals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Becker, J.), entered October 4, 1985, as directed that the Sheriff's poundage be paid by the plaintiff.

Ordered that the order is reversed insofar as appealed from, with costs, and it is directed that the Sheriff's poundage is to be paid by the defendant.

The plaintiff obtained a default judgment against the defendant when the defendant failed to timely serve its answer. The plaintiff then apparently issued execution to the Sheriff. After levy, the default judgment and all executions were vacated upon Special Term's finding that the failure to answer was in part due to the defense counsel's vacation schedule and that it appeared that the defendant might have a partial defense to the action. The court directed that the Sheriff's poundage be paid by the plaintiff.

"Poundage is a fee awarded to the Sheriff in the nature of a percentage commission upon moneys recovered pursuant to a levy or execution of attachment" *(Southern Indus. v Jeremias,* 66 AD2d 178, 186; *Famous Pizza v Metss Kosher Pizza,* 119 AD2d 721). The right of the Sheriff to receive poundage is wholly statutory (CPLR 8012 [b]; *Famous Pizza v Metss Kosher Pizza, supra).* CPLR 8012 (b) (2) provides, in part, that "[w]here an execution is vacated or set aside, the sheriff is entitled to poundage * * * and the court may order the *party liable therefore* to pay the same to the sheriff" (emphasis added).

In the instant case the "party liable" is the defendant. The sole cause of the default judgment being entered was the defendant's failure to timely serve its answer. Since the defendant was at fault, it, rather than the plaintiff, should be responsible for paying the Sheriff's poundage. Thompson, J. P., Lawrence, Rubin, Kunzeman and Sullivan, JJ., concur.