RITA HERZOG, Claimant, v ABRAMS & THAW, Defendant.

Civil Court of the City of New York, New York County, December 14, 1988

APPEARANCES OF COUNSEL

*Abrams & Thaw,* defendant *pro se. David Tecklin* for claimant.

### OPINION OF THE COURT

ALICE SCHLESINGER, J.

Defendant, the law firm of Abrams & Thaw, has moved for summary judgment in this small claims action in which claimant seeks recovery of $523.37. Claimant opposes the motion.

Claimant, Rita Herzog, is a Marshal of the City of New York. This action was commenced by Herzog on the ground that she is entitled to poundage fees pursuant to CPLR 8012.

The uncontested facts are as follows. Defendants obtained a judgment of $10,432.77 on February 29, 1988. On March 2, 1988 an income execution was delivered to Herzog for service

upon the judgment debtor pursuant to CPLR 5231. On March 14, 1988 the income execution was served upon the judgment debtor. The following day, defendants by letter thanked Herzog for serving the income execution. On March 18, 1988 the judgment was satisfied by certified check paid directly to the judgment creditors, the defendant in this action.

Defendant's position is that Herzog is not entitled to poundage fees because a "levy" did not occur. The mere serving of an income execution is not a levy pursuant to CPLR 8012 (b) (2).

Defendant further contends that they had initiated their own supplementary proceedings by serving a notice of restraint and an information subpoena upon the judgment debtor, the debtor's employer, and the debtor's bank. Thus, the debtor was "induced" to settle based on the defendants' efforts to collect the judgment.

Claimant's position is that settlement was obtained by her. Three days after service of the income execution the judgment debtor called her office and spoke to a secretary, Nina. Nina was told by the judgment debtor "that he would pay the full amount of the judgment including Marshal's fees that same day." However, later that day, the judgment debtor's attorney, a Mr. Osborne, called back Nina and told her "that he was sending a check directly to Abrams as per his request less Marshal's fees."

On March 18, 1988, Abrams informed Herzog by letter that the judgment was satisfied and to cease collection efforts. The poundage fees were demanded and defendants refused to pay.

Herzog's contention is that she is entitled to her commission based on service of the income execution upon the judgment debtor. CPLR 5231 requires the Marshal to wait for 20 days before placing a levy. Thus, denying poundage because only the first notice was served would frustrate the "intent" behind CPLR 5231 requiring service of the income execution upon the debtor prior to levy. Second, she contends that she was deprived of her commission based on the acts of the defendants.

The Marshal's right to poundage is "wholly statutory * * * and the statute must be strictly construed". (*Famous Pizza v Metss Kosher Pizza,* 119 AD2d 721 [2d Dept 1986].) The Marshal is entitled to poundage where he or she collects "money by virtue of an execution" (CPLR 8012 [b] [1]) or where "settlement is made after a levy by virtue of an execution" (CPLR 8012 [b] [2]).

CPLR 5231 mandates service of the income execution initially upon the judgment debtor. If the judgment debtor fails to pay an installment within 20 days, the Marshal is empowered to place a levy upon the money by serving the employer. *(See,* Siegel, NY Prac § 502, at 680.) In other words, a condition precedent to obtaining a levy is service of the income execution upon the debtor.

In the case at bar, settlement occurred before a levy was placed. Therefore, the Marshal is not entitled to poundage fees pursuant to CPLR 8012 (b) (2).

However, the court's scrutiny does not stop here. As noted above, a Marshal is entitled to poundage for "collecting money" pursuant to CPLR 8012 (b) (1). This provision has been held to mean that the Marshal "must obtain the money before he is entitled to poundage." (8 Weinstein-Korn-Miller, NY Civ Prac ¶ 8012.04, at 80-145 [and the cases cited therein].) However, there is an exception to this rule. "[A]ffirmative action which actively interferes with the [Marshal's] collection process is tantamount to collection." *(Thornton v Montefiore Hosp.,* 117 AD2d 552, 553 [1st Dept 1986]; *see, Personeni v Aquino,* 6 NY2d 35 [1959]; *Flack v State of New York,* 95 NY 461 [1884].)

A levy is not necessary as this provision requires only "collecting money *by virtue of an execution"* (CPLR 8012 [b] [1] [emphasis added]). In the instant case it is conceded that the income execution was served upon the judgment debtor.

Summary judgment is denied as premature. Allegations of interference are made by the claimant. However, the nature and degree of interference are not addressed. Discovery on this issue is necessary.

Since both sides are now represented by counsel and discovery is required, the matter is transferred to Civil Court.

Plaintiff is ordered to serve a new summons and complaint and defendant is to answer same within the time provided for by the CPLR.