■ WARREN MARTIN et al., Respondents, v CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Appellant.—In an action to recover damages for personal injuries in which a judgment was entered against the defendant Consolidated Edison Company of New York, the defendant appeals from an order of the Supreme Court, Kings County (Levine, J.), dated February 23, 1990, which granted the motion of the Sheriff of the City of New York for poundage fees in the amount of $5,106.61 *(Martin v Consolidated Edison Co.,* 146 Misc 2d 756).

Ordered that the order is affirmed, with costs.

The court properly concluded that the defendant Consolidated Edison Company of New York (hereinafter Con Ed) is liable to the Sheriff for the poundage fees since Con Ed affirmatively interfered with the Sheriff's collection efforts *(see, Personeni v Aquino,* 6 NY2d 35; *Thornton v Montefiore Hosp.,* 117 AD2d 552; *Matter of Standardbred Owners Assn. [Yonkers Raceway],* 44 Misc 2d 37; *cf., Famous Pizza v Metss Kosher Pizza,* 119 AD2d 721). The plaintiffs' attorney issued an execution to the Sheriff on or about September 10, 1987, following the trial court's decision that Con Ed, rather than a third-party defendant, was responsible for payment of the settlement in this action. The next day, the Sheriff levied on certain of Con Ed's bank accounts. Con Ed contends that the levy was invalid because, several hours prior to the Sheriff's levy, it had filed an undertaking to obtain a stay pending appeal pursuant to CPLR 5519 (a). There is no proof in the record with respect to when the undertaking was filed, nor does Con Ed allege that the plaintiffs or the Sheriff were given notice of the filing prior to the levy. In any event, the plaintiffs were under no obligation to recall the execution *(see, Hospital Serv. Plan v Warehouse Prod. & Sales Employees Union,* 76 AD2d 882).

Furthermore, Con Ed is liable for the Sheriff's poundage fees because it moved to vacate the plaintiffs' second execution in 1989 *(see,* CPLR 8012 [b] [2]). The record fails to support Con Ed's contention that the plaintiffs improperly caused the second execution to be issued while a stay was in effect. Bracken, J. P., Harwood, Eiber and O'Brien, JJ., concur.