*172 OPINION OF THE COURT
Walter J. Relihan, Jr., J.
This is a petition to determine the amount of poundage due the Sheriff of Tompkins County. The plaintiff, in the underlying action, is the former wife of the defendant. The judgment of divorce, which ended their marriage, made a distributive award to her of $28,000.
The defendant failed to pay the award and the plaintiff obtained an order directing the sale of the defendant’s interest in real property which, following the divorce, they owned as tenants in common. The order also fixed the defendant’s homestead exemption at $10,000. The order directed the Sheriff to pay, from the proceeds, an amount not exceeding $10,000 to the defendant, with the balance to the plaintiff in satisfaction of her $28,000 judgment.
Following the levy, defendant paid plaintiff $25,000 in cash and gave her a second mortgage of $8,000 in full settlement of her claims. Hence, the settlement value to her was $33,000. At trial, fair market value of the property had been fixed at $43,750. One half of that sum, the share of each tenant, would equal $21,875.
The statute, CPLR 8012 (b), allows the Sheriff a fee "for collecting money by virtue of an execution” (para [1]) but also provides that "Where a settlement is made * * * the Sheriff is entitled to poundage upon the value of the property levied upon, not exceeding the sum at which the settlement is made.” (Para [2].)
Clearly, poundage is due. The issue, among others, is whether the poundage should be calculated on the basis of the value of the settlement ($33,000) to the plaintiff or the value of the defendant’s half interest in the property. The effect of the homestead exemption presents an additional issue.
The Sheriff insists he is entitled to 5% of the settlement amount of $33,000 or $1,650. The plaintiff argues that the defendant’s interest, which was levied upon, is one half of the agreed fair market value of the property ($43,750), or $21,875, less the defendant’s homestead exemption of $10,000 or a net of $11,875. Poundage of 5% on $11,875 equals $593.75 of which $500 has been paid.
Ordinarily, poundage is a fee on the collection of money and no fee is available in the absence of a recovery; thus far speaks the common law. The statute, however, allows a fee even where no recovery occurs under the limited circumstances defined at *173 paragraphs (2) and (3) of CPLR 8012 (b). No extraordinary "trouble and expenses” have been alleged by the Sheriff and no request for the additional compensation allowed in CPLR 8012 (c) is before us. The subdivision (b) exceptions are in derogation of the common law and, accordingly, must be strictly construed (Personeni v Aquino, 6 NY2d 35, 38).
The value of the property is the major consideration. The amount of the settlement simply marks the outer limit of the calculation. Here, the value of the property must be construed to mean the value of the defendant’s interest in the tenancy in common. If the conclusion were otherwise, poundage related to a levy upon the interest of a junior partner or minor joint venturer could be calculated on the value of a very much larger enterprise.
The homestead exemption (CPLR 5206 [a]), unlike the ownership of an interest in the asset, has no application to the determination of the "value” of the property levied upon. Concededly, it may be anomalous to permit the Sheriff to calculate a fee based on money values which cannot be realized and paid over to a judgment creditor. Anomalies, however, are not infrequently encountered in the law.
We conclude that the Sheriff is due 5% of $21,875 (the value of defendant’s interest as tenant in common) or $1,093.75 less the $500 previously paid, or $593.75.