■ Maritza Alvarez, Individually and as Mother and Natural Guardian of Jose Genao, an Infant, Plaintiff, v Brooklyn Hospital-Caledonian Hospital et al., Respondents. New York City Office of the Sheriff, Nonparty Appellant. [679 NYS2d 408] —In an action to recover damages for medical malpractice in which a judgment was entered against the defendants, the New York City Office of the Sheriff appeals from an order of the Supreme Court, Kings County (Spodek, J.), entered July 22, 1997, which denied it poundage fees.

Ordered that the order is affirmed, with costs.

During the course of a medical malpractice trial in June 1996, the defendants Brooklyn Hospital-Caledonian Hospital and Williamsburgh Maternity, Infant Care Family Planning Projects Center (hereinafter collectively referred to as the hospital) settled with the plaintiffs in the amount of $1.7 million. A judgment was entered on November 6, 1996, and the parties agreed to a time frame within which the plaintiffs would be paid. The plaintiffs specifically agreed that they would not execute on the judgment until after November 25, 1996, in order to allow the hospital time to arrange for payment of the settlement. Although the hospital was in the process of forwarding settlement checks to the plaintiffs, the plaintiffs' counsel sought to protect the plaintiffs' rights by preparing to execute on the judgment in the event that the hospital failed to make the agreed-upon settlement payments. On November 27, 1996, the plaintiffs' counsel delivered to the New York City Office of the Sheriff (hereinafter the Sheriff) an Execution with Notice to Garnishee.

According to the plaintiffs' counsel, the Sheriff assured him it would take approximately 7 to 10 days for an execution number to be assigned to the file, and that the execution would not be delivered until after the assignment. According to the Sheriff, its office initially rejected the file because it did not contain a copy of the judgment. Nevertheless, on December 5, 1996, the completed file was returned to the Sheriff's office and an execution number was assigned. On that same day, the hospital informed the plaintiffs' counsel that the settlement checks were being forwarded. The plaintiffs' counsel immediately contacted the Sheriff to ensure that the execution process did not continue. Unbeknownst to the plaintiffs' counsel, however, the Sheriff had already delivered the execution to the hospital's bank. The Sheriff has conceded that upon delivering the execution, no further steps were taken to ascertain that the lien was proper, or whether the hospital's bank had any funds upon which to levy. Although the Sheriff initially agreed to refrain from collecting on the execution, the Sheriff later placed a hold on the hospital's bank account which jeopardized the payment of hospital staff salaries. The hospital was unaware of the execution until December 17, 1996, when a hold was placed on its operating account. The plaintiffs' counsel received the checks in satisfaction of the judgment on December 10, 1996.

The Sheriff contends that it is entitled to poundage fees of approximately $90,000 because the hospital interfered with its efforts to collect the judgment. "Poundage is a fee awarded to

the Sheriff in the nature of a percentage commission upon moneys recovered pursuant to a levy or execution of attachment" (*Southern Indus. v Jeremias,* 66 AD2d 178, 186; *see, Famous Pizza v Metss Kosher Pizza,* 119 AD2d 721). The Sheriff's right to receive poundage fees is wholly statutory and the statute must be strictly construed (*see,* CPLR 8012 [b]; *Personeni v Aquino,* 6 NY2d 35, 37; *see also, Famous Pizza v Metss Kosher Pizza, supra*). Under the statute, to be entitled to poundage the Sheriff must actually collect or obtain money, except where a settlement is made after a levy by virtue of an execution, or where an execution is vacated or set aside (CPLR 8012 [b] [1], [2]). Since it is conceded that the Sheriff did not collect money, and there was neither a settlement made after the levy nor was the execution vacated or set aside, the Sheriff is not entitled to collect a fee pursuant to the statute. Furthermore, contrary to the Sheriff's contention, the record fails to indicate that the hospital actively interfered with the Sheriff's collection of the judgment (*see, Personeni v Aquino, supra,* at 38; *see also, Famous Pizza v Metss Kosher Pizza, supra,* at 721). Pizzuto, J. P., Joy, Florio and Luciano, JJ., concur.