OPINION OF THE COURT
John R. LaCava, J.
The Commissioner/Sheriff of Westchester County (Sheriff) commenced this action against defendants Mary Riechers, Roger Riechers, Marilyn S. Faust, Esq., and Ronald J. Bavero, Esq. (for whom the firm of Berman Bavero Frucco & Gouz, EC. has since been substituted), jointly and severally, for payment of poundage fees of $65,528 (computed upon the amount of $2,017,600 in the event the court finds the underlying “so ordered” stipulation to be a settlement), or, alternatively, the sum of $84,620.22 (computed upon the amount of $3,052,853.20 in the event the court finds the “so ordered” stipulation to be a vacatur of the income execution), together with interest, costs, and disbursements.
Mary was represented by defendant Faust in a divorce action against her former husband, Roger, who was represented by Berman Bavero. The parties were divorced by judgment dated September 29, 1998. On May 5, 1999, a money judgment was entered in favor of Mary and against Roger in the amount of $3,052,853.20 in connection therewith.
Following the entry of the $3,052,853.20 judgment, executions were issued by Faust, as counsel to Mary, commanding the Sheriff to satisfy the above-referenced judgment, with interest from May 5, 1999, out of Roger’s real and personal property. Faust, as counsel to defendant Mary, also issued an income execution directing the Sheriff to satisfy the judgment with interest, together with fees and expenses, “out of all monies now and hereafter due and owing to the Judgment Debtor” (the income execution).
In response, on August 3, 1999, the Sheriff served the income execution upon defendant Roger pursuant to CPLR 5231 (d). Upon Roger’s failure to pay required installments, the Sheriff “lev[ied] upon the money that the judgment debtor is receiving or will receive by serving a copy of the income execution . . . upon the person from whom the judgment debtor [Roger] is receiving or will receive money” (CPLR 5231 [e]), here Roger’s accrued and future income from the Mt. Kisco Medical Group.
*586 Thereafter, the Sheriff received a check in the sum of $199,460 toward the judgment amount which, at that time and with accrued interest, amounted to $3,351,431.45. Poundage in the amount of $9,498.09 was deducted from the $199,460, thus, leaving a balance of $189,961.91 which was disbursed to defendant Faust as counsel to Mary to be applied toward the judgment. The judgment balance due then stood at $3,111,301.54, inclusive of legal interest.
The Sheriff received payments from the Mt. Kisco Medical Group from about May 9, 2000 through January 25, 2001 for a total of approximately $62,249 from which amount $2,925.37 was deducted for poundage and $43,178.68 was disbursed to defendant Faust for application toward the judgment balance. Thus, the balance then due on the judgment was $3,278,558.16, inclusive of legal interest. The Sheriff is still in possession of $16,144.95, which amount was to be applied toward poundage fees.
On or about January 30, 2001, defendant Berman Bavero contacted the Sheriff to advise him that the judgment had been “vacated” pursuant to a so ordered stipulation.
In part, the stipulation of settlement indicates that defendants Mary and Roger “now wish to resolve, by this Stipulation and Order, all issues currently outstanding between them, including, but not limited to, all claims asserted by them” in the underlying matrimonial action, and that they wished to vacate the underlying money judgment and executions conditioned upon Roger’s payment of $2,017,600 to defendant Mary.
Conclusions of Law
At the outset, the court concludes that the stipulation of settlement constitutes a settlement within the meaning of the first sentence of CPLR 8012 (b) (2), even though the stipulation calls for the “vacatur” of money judgments and any executions.
CPLR 8012 (b) (2) provides:
“Where a settlement is made after a levy by virtue of an execution, the sheriff is entitled to poundage upon the value of the property levied upon, not exceeding the sum at which the settlement is made. Where an execution is vacated or set aside, the sheriff is entitled to poundage upon the value of the property levied upon, not exceeding the amount specified in the execution, and the court may order the party liable therefor to pay same to the sheriff.”
*587 “To vacate or set aside an execution means to determine that the execution had been illegally or improperly issued and that the Sheriff had no right to the property upon which he had levied” (Seymour Mfg. Co. v Tarnopol, 20 Misc 2d 210, 212 [Sup Ct, Kings County 1959]). Such is not the case here. The use of the term “vacatur” in the stipulation of settlement does not convert an otherwise properly issued execution into an improperly or illegally issued one.
Therefore, pursuant to the first sentence of CPLR 8012 (b) (2), “the [S]heriff is entitled to poundage upon the value of the property levied upon, not exceeding the sum at which the settlement is made,” here, $2,017,600; thus, poundage amounts to $65,528.
The court finds, as a matter of law, that Mary and Faust, the judgment creditor and her attorney, are liable to the Sheriff for poundage fees of $65,528 (see, Adams v Hopkins, 5 Johns 252 [Sup Ct, NY County 1810] [party liable to the sheriff is the one who hired the sheriff and sheriff may look to attorney]; Flack v State of New York, 95 NY 461, 466 [1884]; Campbell v Cothran, 56 NY 279 [1874]; Judson v Gray, 11 NY 408 [1854]; Matter of International Distrib. Export Co., Inc., 219 F Supp 412 [SD NY 1963] [settlement after levy of an income execution; plaintiff held liable for poundage due to affirmative act of the plaintiff in settling his claim against the judgment debtor]; see also, Zimmerman v Engel, 114 NYS2d 293, 294 [Sup Ct, Kings County 1952] [“plaintiff and his attorney, who filed the process, are both liable to the sheriff for poundage”]; Sorge v Honigsbaum, 137 Mise 824 [Sup Ct, Greene County 1930] [sheriff represents the interests of the judgment creditors to which services are rendered]; Ruhloff v Catts, 174 NYS 159 [New York City Ct 1919] [attorney who issues an execution is personally liable for the sheriffs fees]; Seymour Mfg. Co. v Tarnopol, 20 Mise 2d 210 [Sup Ct, Kings County 1959] [where settlement was made after levy, sheriff could look to the plaintiff and plaintiffs attorney for poundage]).
Contrary to the court’s ruling with respect to the judgment creditor and her attorney, the court concludes that neither the judgment debtor, Roger, nor his attorney, Berman Bavero, is liable to the County of Westchester for poundage.
At the outset, the court notes that in settlement situations, such as exist here, the first sentence of CPLR 8012 (b) (2) (supra) applies. In contrast to the second sentence, which pertains to situations where an execution is “vacated or set *588 aside,” there is no statutory authority permitting the court to “order the party liable ... to pay [poundage] to the sheriff.” (CPLR 8012 [b] [2].)
However, even assuming, without so finding, that such similar authority exists, the court still finds that neither Roger nor his attorney are liable for poundage.
While “party” (CPLR 8012 [b] [2]) whom the court may order liable for poundage fees to the sheriff does not exclude counsel representing the judgment creditor or debtor (compare, CPLR 6212 [b] [attorneys expressly relieved of liability for allowable sheriff’s fees in an attachment]), liability cannot be imposed upon the judgment debtor’s attorney where, as here, the principal grounds upon which fees are sought against such attorney are his or her mere representation and counseling of a client to sign a stipulation of settlement which results in the satisfaction of the underlying debt.
Similarly unpersuasive is the assertion that liability should be imposed upon a judgment debtor under circumstances where, as here, the only affirmative act of the debtor is his participation in the negotiation and execution of a settlement agreement (compare, Martin v Consolidated Edison Co. of N.Y., 146 Misc 2d 756 [Sup Ct, Kings County 1990] [judgment debtor liable where judgment debtor successfully moved to vacate the execution], affd 177 AD2d 548 [2d Dept 1991]; Red Cheek v Crown Confections, 129 AD2d 787 [2d Dept 1987] [judgment debtor liable where judgment debtor moved for and obtained a vacatur of default judgment]; Thornton v Montefiore Hosp., 117 AD2d 552, 553 [1st Dept 1986] [judgment debtor interfered with collection process by promising to post an appeal bond if its accounts were released the same day, thus “creating a fund as an undertaking from which the judgment could be satisfied” and independently promising to pay the poundage in exchange for the parties’ acquiescence to its importunings]).
Based upon the foregoing, it is hereby ordered that summary judgment be and is hereby granted in favor of plaintiff County of Westchester and against defendant Mary Riechers and Marilyn S. Faust, Esq., jointly and severally, in the amount of $65,528, the entry of such judgment being stayed pending the disposition of the counterclaims; and, it is further ordered that summary judgment be and is hereby granted in favor of defen *589 dant Roger Riechers and Berman Bavero Frucco & Gouz, EC. dismissing the complaint as against them; and, it is further ordered that, to any further extent, the motions are denied.