[828 NYS2d 33]

Solow Management Corp., Respondent, v Steven Tanger et al., Appellants. Jerome Janof, Nonparty Respondent.

First Department, January 11, 2007

### APPEARANCES OF COUNSEL

*The Brown Law Group, P.C.*, New York City (*Rodney A. Brown* and *Melissa Alcantara* of counsel), for appellants.

*Rosenberg & Estis, P.C.*, New York City (*Norman Flitt, Jeffrey Turkel* and *Warren A. Estis* of counsel), for Solow Management Corp., respondent.

*Litwack & Litwack*, Bayside (*Kenneth D. Litwack* of counsel), for Jerome Janof, respondent.

### OPINION OF THE COURT

ANDRIAS, J.

In this landlord-tenant action arising from rent strike litigation involving luxury apartments, the city marshal moved pursuant to CPLR 8012 to have the court set the amount of poundage he was entitled to for levying upon certain assets of defendants debtors held by Merrill Lynch on their behalf even though the judgment was vacated after the levy. The IAS court granted the motion and awarded the marshal $32,916.55 in poundage fees to be paid by defendants, the judgment debtors. In making such award, the court erroneously concluded that defendants had affirmatively interfered with the collection process by obtaining a bond for their appeal of plaintiff's judgment against them for $655,241.10 in attorneys' fees, which judgment was subsequently vacated by this Court (19 AD3d 225 [2005]).

It is well settled that a marshal's right to receive poundage fees, which are in the nature of a percentage commission upon moneys recovered pursuant to a levy or execution of attachment, is wholly statutory. Normally, in order to be entitled to poundage fees the marshal must actually collect or obtain money, except where a settlement is made after levy by virtue of an execution, where an execution is vacated or set aside, or where the party who issued the process under which the marshal acts interferes with the collection of the money. Such statutory exceptions authorizing poundage for noncollection are in derogation of common law and must be strictly construed

(CPLR 8012 [b] [2]; *Personeni v Aquino*, 6 NY2d 35, 37-38 [1959], citing, inter alia, *Flack v State of New York*, 95 NY 461 [1884]; *Famous Pizza v Metss Kosher Pizza*, 119 AD2d 721 [1986]). To the extent that the marshal relies on *Martin v Consolidated Edison Co. of N.Y.* (177 AD2d 548 [1991]) and *Thornton v Montefiore Hosp.* (117 AD2d 552 [1986]) for the proposition that the mere posting of an appeal bond by a judgment debtor after a levy constitutes interference with the collection process, those cases are distinguishable on their facts.

In *Martin*, Con Edison claimed to have filed an undertaking pending determination of its motion for leave to appeal to the Court of Appeals. After that motion was denied, Con Edison sent a check to plaintiffs' counsel in full satisfaction of the judgment, but did not include any amount for poundage fees, an act, the motion court found, that would ordinarily be interpreted as a settlement under CPLR 8012 (b) (2) and, as such, an affirmative act making Con Edison liable for poundage. In granting the sheriff's motion for his poundage fees, the motion court found that it was unnecessary to resolve the issue of the timing of the filing of the bond because after its motion for leave was denied, Con Edison successfully moved to vacate the sheriff's levy, an act the court found clearly made Con Edison liable for the poundage (146 Misc 2d 756 [1990]). In affirming, the Second Department, in addition to finding no proof that the plaintiffs or the sheriff were given notice of the filing of Con Edison's appeal bond prior to the levy, held that, in any event, Con Edison was liable for the sheriff's poundage fees because it moved to vacate the plaintiffs' execution. In *Thornton*, where, after the sheriff had levied on the defendant judgment debtor's bank accounts on its payday, the plaintiff judgment creditors' attorney, on the strength of defendant's counsel's promise to secure the judgment with an appeal bond, agreed to withdraw the levies provided that the creditors would not have to pay poundage. In affirming the denial of the debtor's motion for a refund of the poundage fees paid to the sheriff for the release of the executions upon its accounts, this Court found that, by independently promising to pay the poundage in exchange for the creditors' agreement to withdraw the levies, the debtor affirmatively interfered with the sheriff's collection process, entitling him to poundage.

Finally, to the extent that *Matter of Standardbred Owners Assn. (Yonkers Raceway)* (44 Misc 2d 37 [1964]) holds that the mere obtaining of a stay of further proceedings after a sheriff's

levy by the posting of collateral insuring payment of any judgment, without more, constitutes an intervention allowing poundage without collection, it should not be followed. Such holding relies heavily on a statement by Judge Froessel in *Personeni* (6 NY2d 35 [1959], *supra*) that to deny poundage under such circumstance "would permit litigants to escape their statutory obligation to pay poundage after the aid of the Sheriff has been invoked, and his service has been rendered" (44 Misc 2d at 38). However, in *Personeni*, the question was whether the sheriff was entitled to poundage from the judgment creditor. Judge Froessel was the dissenter in that case and, more significantly, his statement related to another issue, namely, the failure of the judgment creditor, the party who had retained the sheriff to levy execution, to take further action to collect the debt within the statutorily prescribed time.

Here, however, it is unnecessary to consider the import of the automatic stay obtained by defendants pursuant to CPLR 5519 (a) (2) by the filing of their appeal bond. Such filing did not require vacatur of the marshal's levy made the day before, but merely stayed the actual collection of the amount restrained by the levy pending determination of defendants' appeal. Although alleged only on information and belief by plaintiff's attorney in his opposition to the marshal's motion, the marshal's reply does not dispute that after the bond was filed and as a result of discussions between and among defendants' attorneys, the marshal, the marshal's attorneys and Merrill Lynch, the marshal, without any notice to or participation by plaintiff or its attorneys, agreed to release the levy and Merrill Lynch agreed to release all but the amount of the marshal's claimed poundage. Such agreement does not appear to have been made in the best interests of plaintiff, the judgment creditor, and even if it could be argued that it was, it was made without following the statutorily mandated procedure and without the knowledge of plaintiff. CPLR 5204 requires that any release of a levy made pursuant to an execution issued upon a money judgment be by court order, upon motion of a judgment debtor who has given an undertaking upon appeal sufficient to secure the judgment creditor, with notice to the marshal, the sureties on the undertaking and the judgment creditor.

Thus, the levy served on Merrill Lynch was released not by any action of defendants, but ex parte by the marshal, who dealt directly with Merrill Lynch in violation of the statute. Under such circumstances, the marshal's motion for poundage

should be denied inasmuch as the narrow exception on which he relies, allowing for recovery of poundage despite noncollection where there has been active interference with collection, is based upon general principles of equity "analagous to that underlying the familiar principle which debars a party to a contract from claiming the benefit of the non-performance of a condition precedent by the other party, where he has, by his own conduct, made performance thereof by such party impossible" (*Flack*, 95 NY at 466). Such principles should also be invoked to deny the marshal recovery of poundage in this instance.

Accordingly, the order of the Supreme Court, New York County (Robert D. Lippmann, J.), entered January 5, 2006, which granted nonparty city marshal's motion for poundage and ordered defendants to pay his fee of $32,916.55, should be reversed, on the law, without costs, and the city marshal's motion denied.

MAZZARELLI, J.P., SULLIVAN, NARDELLI and McGUIRE, JJ., concur.

Order, Supreme Court, New York County, entered January 5, 2006, reversed, on the law, without costs, and the city marshal's motion for poundage denied.