■ DANIEL C. DePASQUALE, Respondent, v ESTATE OF JOSEPH C. DePASQUALE et al., Appellants. BRUCE KEMP, Nonparty Respondent. [931 NYS2d 689]—

The parties entered into a settlement agreement at trial. After the defendants failed to timely make payment in compliance with the settlement agreement, a judgment was entered against the defendants in the sum of $2,001,270. The plaintiff's attorney then issued an execution to the City Marshal Bruce Kemp (hereinafter the Marshal). After a levy upon about $95,000 of the defendants' money, the parties settled. The defendants sent payment for the full amount of the judgment directly to the plaintiff. The poundage fees were not included in the payment. Thereafter, the Marshal moved pursuant to CPLR 8012 (b) to direct the defendants to pay his poundage fees. The Supreme Court determined that the Marshal was entitled to poundage fees and that such fees should be paid by the defendants.

" 'Poundage is a fee awarded to the Sheriff in the nature of a percentage commission upon moneys recovered pursuant to a levy or execution of attachment' " (*Alvarez v Brooklyn Hosp.-Caledonian Hosp.*, 255 AD2d 278, 279-280 [1998], quoting *Southern Indus. v Jeremias*, 66 AD2d 178, 186 [1978]). A sheriff's right to collect poundage fees is wholly statutory (*see* CPLR 8012 [b]; *Personeni v Aquino*, 6 NY2d 35, 37 [1959]). Moreover, the statute must be strictly construed (*see Famous Pizza v Metss Kosher Pizza*, 119 AD2d 721 [1986]). "Where a settlement is made after a levy by virtue of service of an execution, the sheriff is entitled to poundage upon the judgment or settlement amount, whichever is less" (CPLR 8012 [b] [2], *see Solow Mgt. Corp. v Tanger*, 10 NY3d 326, 330 [2008]; *Kurtzman v Bergstol*, 62 AD3d 757, 758 [2009]). A marshal's "powers, duties and liabilities" as to the taking and restitution of property is the same as that of a sheriff (NY City Civ Ct Act § 1609 [1]).

Here, the Supreme Court properly determined that the defendants are liable for the poundage fees. Generally, the judgment debtor is responsible for the payment of poundage fees

(*see Southern Indus. v Jeremias*, 66 AD2d at 186; *see also* 9A Carmody-Wait 2d § 64:209). In addition, courts have held that a party that affirmatively interferes with the collection process will be liable for the poundage fees (*see Personeni v Aquino*, 6 NY2d at 38; *Martin v Consolidated Edison Co. of N.Y.*, 177 AD2d 548 [1991], *affg* 146 Misc 2d 756 [1990]). In the instant case, the defendants are liable for the poundage fees because their failure to abide by the initial settlement at trial was the sole cause of the judgment being entered and, consequently, the Marshal's subsequent involvement with the execution of that judgment (*see Norberto & Sons v Burman*, 160 AD2d 787 [1990]; *Red Cheek v Crown Confections*, 129 AD2d 787, 788 [1987]), and they repeatedly interfered with the enforcement of that judgment (*see Martin v Consolidated Edison Co. of N.Y.*, 177 AD2d at 548).

The defendants' remaining contentions are without merit. Angiolillo, J.P., Florio, Leventhal and Cohen, JJ., concur.