Thomas C. Chimera, J.
This is an application by the Sheriff of the City of New York for poundage fees to be paid to him.
On October 3, 1963, the- Sheriff received from plaintiff an execution against property which was served in accordance with the direction- contained therein, on a third party. The latter responded by a statement in writing that they had in their possession a promissory note in the sum of $10,010 limited to the order of the judgment debtor and to which an adverse *855 claimant alleges ownership. CPLR 5232 provides that a garnishee served with an execution shall transfer all property to the Sheriff. Upon failure to do so, it provides for a special proceeding under CPLR 5225 and 5227 against the garnishee to compel delivery. Plaintiff instituted a proceeding under said section. The adverse claimant intervened therein.
The petition therein stated that ‘ ‘ an execution has heretofore been issued to the Sheriff of the City of New York upon the property now in possession of the respondent [third party] but that said note has not as yet been turned over to the Sheriff and is now in possession of the respondent [third party] ”. The petitioner then requested that a judgment be entered against respondents, directing them to pay to petitioner, upon the maturity of the said note, the sum of $10,010, and for further order directing the respondent [third party] to deliver the note to the Sheriff.
The court decided in favor, of plaintiff and against the intervening adverse claimant and by order directed the third party to turn over the note and pay the same to plaintiff’s attorneys. Payment of said note was then made to plaintiff’s attorneys. The Sheriff received no notice of the turnover order.
Plaintiff claims that it instituted supplementary proceedings against the third party, containing a restraining provision; that after the service of such restraining notices upon the third party, the Sheriff served a copy of the execution upon the third party. Obviously, that was done at plaintiff’s direction.
The special proceeding authorized by CPLR 5232 was predicated on the Sheriff’s levy and was in furtherance of and a step in the enforcement of the execution. The fact that a special proceeding is necessary after a levy to compel garnishee to pay or surrender the property does not deprive the Sheriff of poundage fees for services rendered by him in making the levy and conserving the property for the creditor. When the Sheriff levies and payment is made directly to the creditor, such payment is deemed a settlement, entitling the Sheriff to poundage. The fact that the Sheriff did not have physical custody of the property levied upon does not deprive him of the right to poundage. In the circumstances herein, the Sheriff is entitled to poundage. Accordingly, the application is granted.