■ STERLING FIFTH ASSOCIATES, Respondent, v CARPENTILLE CORPORATION, INC., et al., Appellants. STERLING FIFTH ASSOCI-

ATES, Respondent-Appellant, v CARPENTILLE CORPORATION, INC., et al., Appellants-Respondents. (And a Third-Party Action.) [781 NYS2d 72]—

Order, Supreme Court, New York County (Karla Moskowitz, J.), entered January 26, 2004, which denied defendants' motion to dismiss the seventh cause of action in the second amended complaint alleging breach of a settlement agreement, unanimously reversed, on the law, without costs, defendants' motion granted and the seventh cause of action dismissed. The Clerk is directed to enter judgment in favor of defendants dismissing the second amended complaint. Cross appeals from order, same court and Justice, entered February 2, 2004, which granted defendants' motion for a protective order to the extent of prohibiting discovery of material generated prior to November 12, 2003, the date settlement discussions ended, but permitted discovery of material produced thereafter, unanimously dismissed, without costs, as academic.

Contrary to the motion court's finding, the letter dated November 12, 2003, from defendants' representative to plaintiff's representatives, confirming his "understanding of the compromise" reached the previous day, was not "on its face" an enforceable agreement. Although the letter set forth the terms of the proposed settlement, and indicated that plaintiff's representatives believed that third-party defendant First Stone Associates, L.P. would agree to the transaction, such decision still had to be made by First Stone Associates. Furthermore, the letter concluded: "If you agree with the above, we will instruct our attorneys and accountants to contact their representative counterparts to close the transaction. I appreciate your efforts in reaching this solution." The terms of the proposed compromise also left open for future negotiations the significant issue of the tax ramifications of the settlement.

Thus, the letter does not meet the requirement of CPLR 2104 that the terms of any settlement agreement be in definite and concrete terms (see Columbia Broadcasting Sys. v Roskin Distribs., Inc., 31 AD2d 22, 24 [1968], affd 28 NY2d 559 [1971] ["The court cannot be asked to divine what was in counsel's

mind or to seek the intent from other evidence; nor to resolve disputes arising from sources other than the words of the writing"]). Moreover, later references in letters to the court from the parties that "[t]he parties have reached an agreement in principle to settle the matter"; labeling the settlement "tentative"; and requesting an adjournment so that the parties could "consummate the planned settlement," reinforce the conclusion that the November 12 letter was merely an agreement to agree sometime in the future.

In light of our dismissal of plaintiff's seventh cause of action, the cross appeals from the February 2, 2004 discovery order are academic. Concur—Andrias, J.P., Williams, Friedman, Marlow and Gonzalez, JJ.