[887 NE2d 1121, 858 NYS2d 63]

SOLOW MANAGEMENT CORP., Respondent, v STEVEN TANGER et al., Respondents. JEROME JANOF, Nonparty Appellant.

Argued March 18, 2008; decided April 24, 2008

## POINTS OF COUNSEL

*Litwack & Litwack, P.C.,* Bayside (*Kenneth D. Litwack* and *Maureen A. Gest* of counsel), for nonparty appellant. I. A marshal may release a judgment debtor's property, absent a court order, when that property has been secured pending appeal, thereby fully protecting plaintiff. (*People v Finnegan,* 85 NY2d 53, 968, 516 US 919; *People ex rel. Harris v Sullivan,* 74 NY2d 305; *Doctors Council v New York City Employees' Retirement Sys.,* 71 NY2d 669; *New York Cas. Co. v Kuhn,* 192 Misc 286; *Thornton v Montefiore Hosp.,* 117 AD2d 552; *Cruz v Amsterdam Hous. Auth.,* 174 Misc 2d 189; *Gimenez v Great Atl. & Pac. Tea Co.,* 242 App Div 485; *Rivera v W. & R. Serv. Sta.,* 34 AD2d 115.) II. Debra and Steven Tanger interfered with the Marshal's collection efforts when they filed a bond pending appeal, obtained a stay of enforcement, and then requested that the Marshal release the property upon which he had already

levied. (*Thornton v Montefiore Hosp.,* 117 AD2d 552; *Matter of Standardbred Owners Assn. [Yonkers Raceway],* 44 Misc 2d 37; *Gimenez v Great Atl. & Pac. Tea Co.,* 242 App Div 485; *Rapino v City of New York,* 7 Misc 3d 1012[A], 2004 NY Slip Op 51878[U], 299 AD2d 470, 100 NY2d 506; *Herbert H. Levess & Co. v Celebrity Knitwear,* 130 Misc 2d 1055; *Liquifin AG. v Brennan,* 446 F Supp 914; *Jericho Plumbers Supply Co. v Wandoloski,* 14 AD2d 775).

*Rosenberg & Estis, P.C.,* New York City (*Warren A. Estis* and *Norman Flitt* of counsel), for Solow Management Corp., respondent. Solow Management Corp. is not obligated to pay poundage under the facts presented here; the only question on this appeal is whether Debra and Steven Tanger are liable for the Marshal's poundage.

*Brown Law Group, P.C.,* New York City (*Rodney A. Brown* and *Melissa Alcantara* of counsel), for Steven Tanger and another, respondents. I. The Appellate Division appropriately found that the Marshal is not entitled to an award of poundage fees. (*Alvarez v Brooklyn Hosp.-Caledonian Hosp.,* 255 AD2d 278; *Famous Pizza v Metss Kosher Pizza,* 119 AD2d 721; *Personeni v Aquino,* 6 NY2d 35; *Flack v State of New York,* 95 NY 461; *Southern Indus. v Jeremias,* 66 AD2d 178; *Wartels v County Asphalt,* 69 Misc 2d 979, 41 AD2d 705; *Thornton v Montefiore Hosp.,* 117 AD2d 552; *Matter of Standardbred Owners Assn. [Yonkers Raceway],* 44 Misc 2d 37; *Gimenez v Great Atl. & Pac. Tea Co.,* 242 App Div 485; *Rapino v City of New York,* 7 Misc 3d 1012[A], 2004 NY Slip Op 51878[U], 299 AD2d 470, 100 NY2d 506.) II. The argument that Debra and Steven Tanger negotiated a release of the Marshal's levy is unfounded. III. There is no basis to overturn the Appellate Division's order based upon the Marshal's assertions concerning CPLR 5204. (*Gimenez v Great Atl. & Pac. Tea Co.,* 242 App Div 485; *Thornton v Montefiore Hosp.,* 117 AD2d 552; *D'Amico v Christie,* 71 NY2d 76.) IV. If any party should be ordered to pay the Marshal's poundage, it should be Solow Management Corp. (*Famous Pizza v Metss Kosher Pizza,* 119 AD2d 721; *Matter of Associated Food Stores v Farmer's Bazaar of Long Is.,* 126 Misc 2d 541.)

### OPINION OF THE COURT

CIPARICK, J.

■ We are asked to decide in this appeal whether the posting of an appeal bond by a judgment debtor after a marshal has ex-

ecuted a levy on the judgment debtor's assets constitutes affirmative interference with a marshal's collection process, entitling the marshal to poundage fees. We conclude that the posting of an appeal bond by a judgment debtor is not affirmative interference. Since the marshal in this case cannot show his entitlement either under CPLR 8012 or any judicially created exception, he is not entitled to such fees.

Commenced in 1991, this action arises from rent strike litigation involving luxury apartments located in Manhattan. Ultimately the landlord, plaintiff Solow Management Corp., prevailed in this case and obtained final judgments for rent arrears against several tenants. On July 29, 2004, a separate judgment for attorneys' fees was entered in the amount of $655,241.10, including interest, against tenant defendants Debra Tanger and Steve Tanger. Shortly after the judgment was entered and pending its appeal to the Appellate Division, plaintiff began enforcement proceedings, which included the service of a restraining order upon assets held by Merrill Lynch, Pierce, Fenner & Smith, Incorporated, on behalf of the Tangers.

Solow then requested that a New York City marshal serve an execution upon Merrill Lynch. On August 17, 2004, nonparty New York City Marshal Jerome Janof purportedly served execution upon Merrill Lynch, levying against the Tanger accounts. The next day, August 18, 2004, the Tangers filed an appeal bond[1] with Supreme Court, thereby staying all proceedings to enforce the judgment pursuant to CPLR 5519 (a) (2). No monies were ever collected by the marshal pursuant to the levy, and on June 21, 2005, the Appellate Division reversed Supreme Court's award of attorneys' fees to plaintiff. In July 2005, the restraint on the Merrill Lynch accounts was lifted and the marshal released the assets, save $32,916.55, the amount of poundage fees claimed.[2] On September 13, 2005, the marshal moved, pursuant to CPLR 8012, for an order awarding him poundage and statutory fees, settling the amount of the fees, and for a determination of which party or parties should pay the poundage.

Supreme Court held that the marshal was entitled to $32,916.55 in poundage fees and that the Tangers were liable for this amount. Supreme Court further held that the filing of

---

1. The appeal bond, dated August 13, 2004, was issued by Fidelity and Deposit Company of Maryland.

2. Statutory poundage fees are based on 5% of all monies collected (*see* CPLR 8012 [b] [1]).

an appeal bond after the marshal had levied upon the Tangers' assets amounted to affirmative interference with the marshal's collection efforts. The Appellate Division reversed the award, stating that, in making such award, Supreme Court had "erroneously concluded that defendants had affirmatively interfered with the collection process by obtaining a bond for their appeal of plaintiff's judgment against them" (38 AD3d 49, 50 [2007]). We granted leave to appeal and now affirm.

In determining whether a marshal is entitled to poundage and at what percentage, CPLR 8012 (b) (1) provides that

> "A sheriff is entitled, for collecting money by virtue of an execution, an order of attachment, or an attachment for the payment of money in an action, or a warrant for the collection of money issued by the comptroller or by a county treasurer or by any agency of the state or a political subdivision thereof, or for collecting a fine by virtue of a commitment for civil contempt, to poundage of, in the counties within the city of New York, five per cent of the sum collected and in all other counties, five per cent upon the first two hundred fifty thousand dollars collected, and three per cent upon the residue of the sum collected."[3]

Since the marshal here failed to actually collect any monies pursuant to his levy, in order to be entitled to poundage, he must show facts that fall within one of the two statutory exceptions. The statutory exceptions authorizing poundage despite noncollection of assets apply when: (1) "a settlement is made after a levy by virtue of an execution" or (2) when the "execution is vacated or set aside" (CPLR 8012 [b] [2], [3]). In *Personeni v Aquino* (6 NY2d 35, 37-38 [1959]), we stated that since "[t]he right of a Sheriff to collect and receive poundage is wholly statutory [and because] . . . [t]he statutory exceptions authorizing poundage for noncollection . . . are in derogation of common law [they therefore] must be strictly construed."

A third judicially created exception applies when there has been affirmative interference with the collection process, thus

---

**3.** Pursuant to article 16 of the New York City Civil Court Act, marshals are officers of the Civil Court of New York City. Collection duties ordinarily performed by a sheriff are performed by a New York City marshal and "[t]he authority of a marshal extends throughout the city of New York and all provisions of law relating to the powers, duties and liabilities of sheriffs in like cases and in respect to the taking and restitution of property" (*see* NY City Civ Ct Act § 1609 [1] [a]).

preventing a marshal from actually collecting the levied assets through some affirmative action.[4] It is this third narrow exception upon which the marshal here relies, claiming that the judgment debtor, the Tangers, interfered with his collection of monies pursuant to his levy upon the Merrill Lynch accounts by posting an appeal bond.

It is undisputed that the underlying judgment was never collected by the marshal pursuant to his levy; neither has there been a settlement in this case, nor a vacatur or setting aside of the execution. Therefore, in order for the marshal to be entitled to poundage, he must show affirmative interference that prevented him from completing the collection process. In *Flack v State of New York* (95 NY 461 [1884]), we stated that in order "[t]o bring the claim of a sheriff within the provisions of the statute, it is essential that he [or she] show either the collection of the moneys called for, or some interference by the plaintiff [judgment creditor] with his execution of the process that is equivalent thereto" (*id.* at 466). Here, it cannot be said that the Tangers, as judgment debtors, affirmatively interfered with the marshal's collection process merely by availing themselves of the right to appeal and by the posting of an appeal bond. While there exists some Appellate Division authority establishing that a judgment debtor can also be found liable for poundage fees based upon affirmative interference, we need not reach that issue here.[5] We merely hold that the posting of an appeal bond by a judgment debtor cannot constitute affirmative interference with a marshal's collection process.

We agree with the Appellate Division that the filing of an appeal bond pursuant to CPLR 5519 did not require vacatur of the marshal's levy but only requires that all enforcement actions be temporarily stayed until there has been a determination as to the merits of the appeal. Indeed, if the Tangers lost their appeal, the marshal's levy would still be intact and he would be free to complete the collection process. To hold

---

4. *See Campbell v Cothran*, 56 NY 279, 285 (1874) ("The authorities establish that a sheriff who has completed the service of an execution, is entitled to poundage, although the judgment and process be afterward set aside; and also when he has been prevented from fully executing the writ by the act or interference of the plaintiff [judgment creditor]").

5. *See Martin v Consolidated Edison Co. of N.Y.*, 177 AD2d 548 (2d Dept 1991) (judgment debtor); *Thornton v Montefiore Hosp.*, 117 AD2d 552 (1st Dept 1986) (judgment debtor); *Famous Pizza v Metss Kosher Pizza*, 119 AD2d 721, 721 (2d Dept 1986) (judgment creditor); *Southern Indus. v Jeremias*, 66 AD2d 178, 186 (2d Dept 1978) (judgment creditor).

otherwise would discourage litigants from seeking further judicial review lest they be charged with poundage fees.

While we agree that the marshal is not entitled to poundage fees, we disagree with the Appellate Division's conclusion that the marshal could protect his right to poundage only by insisting upon an application to the court for release of the levied funds pursuant to CPLR 5204. CPLR 5204 states that

> "Upon motion of the judgment debtor, upon notice to the judgment creditor, the sheriff and the sureties upon the undertaking, the court may order, upon such terms as justice requires, that the lien of a money judgment, or that a levy made pursuant to an execution issued upon a money judgment, be released as to all or specified real or personal property upon the ground that the judgment debtor has given an undertaking upon appeal sufficient to secure the judgment creditor."

Certainly a stipulation, signed by both parties and the marshal, to vacate the levy could have protected the marshal's rights. Then CPLR 8012 (b) (2), providing for poundage "[w]here an execution is vacated or set aside," would apply. But here, the marshal could not gain the benefit of the statute by unilaterally releasing the assets without notifying his principal, Solow. Indeed if Solow refused to agree to release the levied assets, then the Tangers would have been free to seek such release pursuant to CPLR 5204.

Accordingly, the order of the Appellate Division should be affirmed, with costs.

Chief Judge Kaye and Judges Graffeo, Read, Smith, Pigott and Jones concur.

Order affirmed, with costs.