■ DEBORAH SHAPIRO KURTZMAN, Plaintiff, v ERIC BERGSTOL et al., Defendants, and SONYA SHAPIRO et al., Appellants. SHERIFF OF ROCKLAND COUNTY, Nonparty Respondent. [878 NYS2d 768]—

In an action, inter alia, to recover damages for breach of fiduciary duty, the defendants Sonya Shapiro and Milton Shapiro appeal from an order of the Supreme Court, Rockland County (Sherwood, J.), dated June 13, 2007, which, upon denying their motion, among other things, in effect, for a determination that the Sheriff of Rockland County was not entitled to recover poundage fees pursuant to CPLR 8012 (b), directed the defendant Milton Shapiro to pay poundage fees to the Sheriff of Rockland County.

Ordered that the order is affirmed, with costs.

Poundage is a percentage commission awarded to a sheriff who collects money "pursuant to a levy or execution of attachment" (*Alvarez v Brooklyn Hosp.-Caledonian Hosp.*, 255 AD2d 278, 280 [1998]; *see* CPLR 8012 [b]). In general, the sheriff must actually collect or obtain money to be entitled to poundage, but there are three exceptions to this requirement: (1) when a settlement is made after a levy by virtue of service of an execution (*see* CPLR 8012 [b] [2]; L 2008, ch 441); (2) when an execution is vacated or set aside after levy (*see* CPLR 8012 [b]

[2]; L 2008, ch 441); and (3) "when there has been affirmative interference with the collection process, thus preventing a [sheriff] from actually collecting the levied assets through some affirmative action" (*Solow Mgt. Corp. v Tanger*, 10 NY3d 326, 330-331 [2008]). If payment by the debtor is made directly to the creditor after a sheriff levies, the payment constitutes a settlement, and the sheriff will be entitled to poundage (*see Morris v Morris*, 43 Misc 2d 854, 855 [1964]; *see also Martin v Consolidated Edison Co. of N.Y.*, 146 Misc 2d 756, 759 [1990], *affd* 177 AD2d 548 [1991]; Weinstein-Korn-Miller, NY Civ Prac ¶ 8012.05).

Here, after the Sheriff levied, the appellants paid directly to the plaintiff the full amount of the judgment due, except for poundage or fees. Inasmuch as this payment constituted a settlement after levy, the Supreme Court correctly held that the Sheriff was entitled to poundage. The appellants' contention that the Sheriff did not properly levy against the property is without merit, as a levy upon real property does not require the Sheriff to go upon, or even to see, the land (*see Rodgers v Bonner*, 45 NY 379, 382 [1871]). Finally, the poundage fee, as applicable to this case, is calculated, up to the full amount of the settlement, on the value of the property levied upon, without regard to any mortgage or other amount owed on the property (*see Zimmerman v Engel*, 114 NYS2d 293, 294 [1952]; *Parsons v Bowdoin*, 17 Wend 14 [1837]; *but see* L 2008, ch 441, § 1, amending CPLR 8012 [b], eff Aug. 5, 2008). Skelos, J.P., Fisher, Balkin and Belen, JJ., concur.