■ Jose Cabrera, Appellant, v Sidney Hirth et al., Respondents, et al., Defendants. Martin Bienstock, as New York City Marshal, Nonparty Respondent. [928 NYS2d 706]—

On September 24, 2004 a judgment in the amount of $1,923,009.90 was entered against the building defendants in favor of plaintiff. The judgment provided, inter alia, for payment to be made in a lump sum amount of $1,000,000, followed by nine years of periodic payments. These payments were to be secured by the purchase of an annuity contract. Pursuant to CPLR 5043, the judgment gave the defendants 30 days to post security for 50% of the annuity payments. This judgment with notice of entry was not served on defendants until February 24, 2005, some five months after the judgment was entered.

However, on September 28, 2004, four days after the entry of judgment, without notice to defendants and well before the 30 day period to post security had expired, plaintiff's counsel retained nonparty defendant City Marshal to secure income executions in order to collect on the judgment. Significantly, on the same day, plaintiff's counsel wrote to the State Liquidation Bureau, the receiver for one of defendants' insurance carriers, asking that agency to forward its portion of the judgment ($1,000,000) to him. Plaintiff's counsel was thus aware that the initial $1,000,000 would be forwarded in due course. There is no evidence in the record that the Marshal was ever advised of this fact, or that he was advised not to levy on the full amount of the judgment. On September 30, the Marshal levied upon defendants' accounts at two banks and the New York City Housing Authority, Section Eight Division (NYCHA). A fourth account was levied on October 5.

Upon notice of the levy, defendants obtained an interim stay in this Court, pending determination of their motion for leave to appeal to the Court of Appeals. This stay was lifted on November 9, 2004, when we denied leave. On November 11, 2004 defendants' carriers posted undertakings in the full amount of the judgment. Plaintiff's attorney was advised that the judgment was thus fully insured. In fact, on November 18, 2004, according to plaintiff, defendants' excess carrier faxed a general release and closing papers for a judgment amount over and above the $1,000,000 insured by the State Liquidation Bureau. There is no indication in the record that plaintiff took any steps to advise the Marshal of this fact. Indeed, plaintiff's own chronology of this matter clearly shows that counsel continued to provide the Marshal with information regarding defendants, such as employer identification numbers, corporate names, etc. Notably, on November 19, 2004, eight days after de-

fendants' insurers posted undertakings for the full amount of the judgment, and the day after defendants' excess carrier faxed the release, plaintiff, upon the Marshal's request, completed the necessary forms to extend the Marshal's collection efforts for an additional 60 days.

Plaintiff's counsel did notify the Marshal when the various stays were granted and again when they were vacated. On November 18, 2004, after being notified of the order vacating the stay, and after defendants' insurers posted the aforesaid undertakings, the Marshal collected $162,382.31 from the levy on one of defendants' banks, retaining $8,646.62 as his poundage fee.

The building defendants then moved for leave to appeal directly to the Court of Appeals, simultaneously moving in Supreme Court for a stay of enforcement of the judgment pending appeal. Supreme Court issued a temporary restraining order and interim stay on November 22, 2004. After the Court of Appeals denied the motion for leave to appeal, Supreme Court denied defendants' motion for a full stay on March 9, 2005.

While the stays were in effect, the Marshal received funds pursuant to the levy from NYCHA. Plaintiff's counsel advised the Marshal to return those funds, which were in fact, returned to defendants.

Between April 19 and May 20, 2005, building defendants' primary and excess insurers paid to plaintiff a total settlement amount of $1,846,229.29.

On May 14, 2007, the Marshal moved to collect his poundage fee on the entire judgment amount of $1,923,009.90. He claimed he was entitled to $96,150.50, less the amount already received of $8,646.62, leaving a total balance owed of $87,503.88.

The motion court granted the Marshal's application in the amount requested, finding that the Marshal issued levies and other process as requested by plaintiff's counsel and collected certain funds belonging to defendants. The court acknowledged that a number of stays pending appeal had been issued and, when the final amount due under the judgment was determined, defendants' insurers paid the full amount due directly to plaintiff's counsel. The court further found that since the Marshal's efforts to collect on the judgment were "thwarted by plaintiff and counsel," they are the parties responsible for payment of the poundage fee. Since the Marshal collected funds pursuant to his levy on defendants' accounts, and since there was no proof that the accounts levied upon contained assets that were less than the settlement amount, the court determined that the Marshal was entitled to the full poundage of 5% of the

judgment less amounts to be credited for poundage already collected.

A sheriff is entitled to poundage, which is a percentage commission awarded for the collection of money pursuant to a levy or execution of attachment, computed on the monies collected (CPLR 8012 [b] [1]; *see Kurtzman v Bergstol*, 62 AD3d 757, 757 [2009]).[1]

Where the collection process has been commenced but has not been completed, a sheriff may still be entitled to a poundage fee under three circumstances: (1) where "a settlement is made after a levy by virtue of service of an execution" (CPLR 8012 [b] [2]); (2) where the "execution is vacated or set aside" (CPLR 8012 [b] [2]); (3) where there has been an affirmative interference with the collection process, thus preventing a sheriff from actually collecting the assets (*Solow Mgt. Corp. v Tanger*, 10 NY3d 326, 330-331 [2008]; *see also Thornton v Montefiore Hosp.*, 117 AD2d 552, 553 [1986]).

In this action, where enforcement of the underlying judgment was settled with payment by the debtor defendants' insurance carriers directly to the creditor plaintiff after the Marshal had levied certain accounts, the Marshal is entitled to poundage (*see Kurtzman* at 758).

Traditionally, the amount of poundage is based on the value of the property levied upon (*see Considine v Pichler*, 72 AD2d 103, 104 [1979], *lv denied* 49 NY2d 701 [1980]). However, in this case, the poundage fee cannot be determined by reference to the value of the property levied. The settlement cut off the Marshal's ability to prove the value of the accounts levied upon. The motion court therefore properly exercised its discretion in using the settlement amount as a substitute for the unknown actual value of the levied accounts.[2]

We turn now to the question of which party is responsible for payment of the poundage fee. In a situation such as this, where a settlement is made after a levy, CPLR 8012 (b) is silent on

---

**1.** Article 16 of the New York City Civil Court Act designates marshals as officers of the Civil Court of the City of New York. Collection duties normally performed by a sheriff are performed by a New York City marshal and "all provisions of law relating to the powers, duties and liabilities of sheriffs in like cases and in respect to the taking and restitution of property" apply to the New York City marshal (NY City Civ Ct Act § 1609 [1] [a]).

**2.** The statute has been amended (L 2008, ch 441) to change the formula for the computation of poundage where there has been post-levy settlements. The traditional "value of the property levied" basis for computation of poundage fees has been replaced in cases of post-levy settlements by computing poundage as a percentage of "the judgment or settlement amount, whichever is less" (CPLR 8012 [b] [2], [3]).

this question. The cases which have addressed this issue turn on which of the three circumstances noted above are present in each particular case (*see generally* Weinstein-Korn-Miller, NY Civ Prac ¶ 8012.05 *et seq.* [2d ed]).

In the circumstance where a settlement is made after a levy and the order of attachment is vacated (CPLR 8012 [b] [3]), the courts have interpreted this to cover the situations where "the attachment was invalid at the outset or the action was dismissed in defendant's favor." In those cases, the party responsible for payment of the poundage is usually the plaintiff (*see* Alexander, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C8012:1). Where, as here, the order of attachment is "otherwise discharged" (CPLR 8012 [b] [3]), "the party liable for poundage is the one who obtains the discharge—usually the defendant" (*id.*; *see Liquifin AG. v Brennan*, 446 F Supp 914, 922 [SD NY 1978]).

There is a judicially created exception to this latter rule of thumb in cases where a party affirmatively interferes with collection of the money (*see* Weinstein-Korn-Miller, NY Civ Prac ¶ 8012.04 [2d ed]). In those situations, the party who actively interferes with the collection process may be held responsible for payment of poundage fees.

We note in this regard that, contrary to plaintiff's and the Marshal's contentions, defendants' actions in pursuing their rights to appeal, as well as obtaining stays of the enforcement of the judgment, do not constitute affirmative interference with collection, thus rendering them responsible for the payment of poundage (*Solow Mgt. Corp.* at 331-332).

The motion court correctly determined that plaintiff and counsel are the parties responsible for payment. While the motion court did not elaborate on how plaintiff and counsel "thwarted" the Marshal's efforts, such a finding is warranted based upon the record of this case.

Initially, the fact that plaintiff agreed to take payment directly from the debtor "is an affirmative act interfering with collection by the [Marshal]" (*Greenfield v Tripp*, 23 Misc 2d 1088, 1089 [1960]). It is uncontroverted that the matter was settled when the defendants' insurers paid the full amount of the judgment to plaintiff's counsel after the Marshal had levied and collected funds from defendants' bank accounts. There is no question that plaintiff's counsel, rather than adhering to the terms of the judgment and waiting the stated 30 days for defendants' insurance carriers to post undertakings, called upon the Marshal's assistance to levy upon defendants' bank accounts or other assets within four days of the entry of the judgment and

some five months prior to serving the judgment with notice of entry on defendants. It has long been customary that where a sheriff levies against a defendant's property and the matter is thereafter settled, the judgment creditor is liable to the sheriff for the payment of poundage fees as the party who invoked the sheriff's services (*see County of Westchester v Riechers*, 6 Misc 3d 584 [2004]; *Matter of Associated Food Stores v Farmer's Bazaar of Long Is.*, 126 Misc 2d 541, 542 [1984]; *In re International Distrib. Export Co.*, 219 F Supp 412 [SD NY 1963]; *Seymour Mfg. Co. v Tarnopol*, 20 Misc 2d 210 [1959]; *Zimmerman v Engel*, 114 NYS2d 293 [1952]; *Flack v State of New York*, 95 NY 461, 466 [1884]; *Campbell v Cothran*, 56 NY 279 [1874]; *Adams v Hopkins*, 5 Johns 252 [Sup Ct 1810]). That is especially appropriate here as plaintiff, as early as November 11, 2004, knew that the entire amount of the judgment was insured, and that defendants' carriers had posted undertakings for the full amount of the judgment. Plaintiff had the opportunity on November 19 to terminate the Marshal's efforts to collect this judgment by declining to sign the 60-day extension as requested by the Marshal. Plaintiff ultimately settled directly with the defendants' insurance carriers rather than follow the court-ordered payment schedule as provided for in the judgment. The record does not show any attempt to advise the Marshal that the carriers posted security or that plaintiff's counsel made his own demand upon those carriers for payment.

As a result, the motion court properly determined that plaintiff and counsel "thwarted" the efforts of the Marshal to collect on this judgment, thus rendering them responsible for payment of the Marshal's poundage fee. Concur—Friedman, J.P., Sweeny, DeGrasse and Abdus-Salaam, JJ.