■ 327 REALTY, LLC, Appellant-Respondent, v NEXTEL OF NEW YORK, INC., Doing Business as SPRINT NEXTEL, Respondent-Appellant. [55 NYS3d 202]—

Order, Supreme Court, Bronx County (John A. Barone, J.), entered February 10, 2015, which, inter alia, denied plaintiff's and defendant's respective motions for summary judgment, unanimously modified, on the law, to grant plaintiff's motion, and otherwise affirmed, without costs.

Under principles of contract interpretation, where an example of a condition is given, that example defines the type of event that will fulfill that condition (*see Lend Lease [US] Constr. LMB Inc. v Zurich Am. Ins. Co.*, 136 AD3d 52, 57 [1st Dept 2015], *affd* 28 NY3d 675 [2017]). Hence, where the lease here gave "signal interference" as an example of a "technological" issue that would justify termination of the lease, the lease could only be terminated under that provision by a physical or similar condition that would render the premises unsuited for use as a cell tower. To the extent there may be an ambiguity, it is properly construed against the drafter, defendant (*see Schron v Troutman Sanders LLP*, 97 AD3d 87, 93 [1st Dept 2012], *affd* 20 NY3d 430 [2013] [noting that contra proferentum is doctrine of last resort that construes an ambiguity against the drafter]).

The leases in the cases relied upon by defendant have terms that are similar, but in material respects different from those here, and thus are unpersuasive (*see e.g. Public Storage v Sprint Corp.*, 2015 WL 1057923, 2015 US Dist LEXIS 30204 [CD Cal, Mar. 9, 2015, No. CV 14-2594-GW (PLAx)], *appeal dismissed* 9th Cir, Nos. 15-55575, 15-55646 Mar. 30, 2016 [same termination provision, however, liquidated damages included for certain categories of termination]).

Defendant's reason for termination of the lease did not fit within the type of "technological" issues allowed in the lease, but rather was economic, and therefore, plaintiff is entitled to summary judgment on its breach of contract claim. Concur—Friedman, J.P., Moskowitz, Feinman, Gische and Kahn, JJ.