125-127 Allen Street Associates, Petitioner-Landlord-Appellant, 
against
Song Quan Lin, Respondent-Tenant, and Xiu Jian Zheng, Yubi Jia, Yixiang Zheng, Respondents-Undertenants.




Landlord appeals from an order of the Civil Court of the City of New York, New York County (Jean T. Schneider, J.), dated October 26, 2018, which granted tenant's motion to vacate the warrant of eviction in a holdover summary proceeding.




Per Curiam.
Order (Jean T. Schneider, J.), entered on or about October 26, 2018, affirmed, without costs.
Civil Court properly interpreted paragraph 4 of the parties' so-ordered stipulation of settlement as requiring undertenants, rather than tenant Song Quan Lin, to pay use and occupancy for the months of May, June and July. Tenant's obligations under the stipulation were clearly delineated by express language, i.e., "Lin to pay outstanding use and occupancy of $9,803.96," legal fees of $2,500 to be "paid by Lin," and "Lin shall return and reside in the apartment." However, paragraph 4 does not specify that the payments reflected therein were to be paid by Lin, and, in fact, makes reference to third-party payments inasmuch as undertenants, signatories to the stipulation, were in possession during the three months at issue. To the extent there was any ambiguity in paragraph 4, it was properly construed against landlord, since it drafted the stipulation (see 327 Realty, LLC v Nextel of NY, Inc., 150 AD3d 581, 582 [2017]).
In view of tenant's compliance with his obligations under the parties' stipulation, including the tender of $9,803.96 in use and occupancy, $2,500.00 in legal fees, and the resumption of occupancy of the subject apartment, we find no cause to disturb the court's determination to vacate the warrant of eviction.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: February 24, 2020