Dawkins v Dawkins (2021 NY Slip Op 08165)





Dawkins v Dawkins


2021 NY Slip Op 08165


Decided on February 24, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 24, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2019-04183
2021-00843
 (Index No. 201311/04)

[*1]Lorraine Dawkins, respondent,
v
Leslie Dawkins, appellant.


Amy S. Nord, Valley Stream, NY, for appellant.



DECISION & ORDER
In a matrimonial action in which the parties were divorced by judgment dated June 12, 2007, the defendant appeals from an order of the Supreme Court, Nassau County (Steven M. Jaeger, J.), dated August 1, 2018. The order, insofar as appealed from, after a hearing, in effect, (1) denied that branch of the defendant's motion which was for a determination that he owed the plaintiff $35,186 for the college expenses of the parties' son, and thereupon determined that those expenses totaled $98,640 and that the defendant's 50% share was $49,320, (2) denied that branch of the defendant's motion which was for a determination that the plaintiff owed him $11,908.30 for the college expenses of the parties' daughter, and (3) granted that branch of the plaintiff's motion which was to direct him to pay the City Marshal's poundage fees. The appeal brings up for review so much of an order of the same court dated December 20, 2018, as, upon reargument, adhered to so much of the original determination in the order dated August 1, 2018, as, in effect, (1) denied that branch of the defendant's motion which was for a determination that he owed the plaintiff $35,186 for the college expenses of the parties' son, and thereupon determined that those expenses totaled $98,640 and that the defendant's 50% share was $49,320, (2) denied that branch of the defendant's motion which was for a determination that the plaintiff owed him $11,908.30 for the college expenses of the parties' daughter, and (3) granted that branch of the plaintiff's motion which was to direct him to pay the City Marshal's poundage fees (see CPLR 5517[b]).
ORDERED that the appeal from the order dated August 1, 2018, is dismissed, without costs or disbursements, as that order was superseded by the order dated December 20, 2018, made upon reargument; and it is further,
ORDERED that the order dated December 20, 2018, is modified, on the law and the facts, by deleting the provisions thereof, upon reargument, adhering to the determination in the order dated August 1, 2018, that the costs of the college expenses of the parties' son totaled $98,640, and that the defendant's 50% share was $49,320, and substituting therefor a provision, upon reargument, vacating that determination and thereupon determining that the costs of the college expenses of the parties' son totaled $77,972 and that the defendant's 50% share was $38,986; as so modified, the order dated December 20, 2018, is affirmed insofar as reviewed, without costs or disbursements.
The parties were married and have three children of the marriage, now all adults. After separating, the parties entered into a stipulation of settlement dated January 27, 2007, which [*2]provided, among other things, that they would share the costs of college tuition, room and board, and other college-related expenses of the two younger children (hereinafter, respectively, the son and the daughter) based upon each party's income at the relevant time, limited to "the usual tuition and expenses charged by a public state college." The stipulation was incorporated, but not merged, into the judgment of divorce dated June 12, 2007.
In September 2015, the plaintiff moved to direct the defendant to pay his pro rata share of the college expenses of their son, who attended a private university outside New York. By order dated June 24, 2016, the Supreme Court determined that, during the relevant time, each party's pro rata share of the son's college expenses would be 50%, and the amount would be limited to what it would have cost if the son had attended SUNY Binghamton as a resident during those years. Neither party provided the court with the costs of in-state tuition, plus room and board, for attending SUNY Binghamton during the relevant years. Nevertheless, the court directed the defendant to pay the plaintiff "one-half of the costs of what his Son's tuition, and room and board, would have been had he attended" SUNY Binghamton, within 90 days of the filing of the order, and, if the defendant failed to make such payment, the court granted the plaintiff leave to enter judgment against the defendant.
In August 2016, the defendant moved, inter alia, for a determination that the amount he owed the plaintiff for their son's college expenses was $35,186, and that the plaintiff owed him $11,908.30 for their daughter's college expenses. The plaintiff opposed the motion, arguing, inter alia, that the defendant owed her $46,334 for their son's college expenses. In an order dated July 21, 2017, the Supreme Court found that the parties had failed to submit sufficient evidence to enable the court to determine the cost of attending SUNY Binghamton during the years their son attended a private university, and, therefore, referred the motion to a hearing.
While the defendant's motion was pending, and prior to the issuance of the July 21, 2017 order, the plaintiff took steps to have a judgment entered on the June 24, 2016 order. In an affirmation supporting the judgment, the plaintiff's attorney stated that the amount due and owing by the defendant for his 50% pro rata share of their son's college expenses, based upon amounts charged by SUNY Binghamton during the relevant period, was $38,986. The attorney affirmed the accuracy of that amount. A money judgment was entered on June 27, 2017, against the defendant in that amount plus $200 in statutory costs. The plaintiff subsequently had the City Marshal levy upon and restrain the defendant's bank account.
In September 2017, the defendant moved, inter alia, to vacate or stay enforcement of the money judgment, to release the levy and restraint upon his bank account, and to restrain the plaintiff from enforcing the money judgment. By so-ordered stipulation dated October 26, 2017, the restraint on the defendant's bank account was released, and the defendant was directed to pay certain sums to the plaintiff's counsel.
Subsequently, the plaintiff moved for a determination of the amount the parties owed each other for their daughter's college expenses, and to direct the defendant to pay the City Marshal's poundage fees for levying upon his bank account. In an order dated March 2, 2018, the Supreme Court referred the motion to a hearing, to be resolved with the other outstanding motions in the case.
Following a hearing, in an order dated August 1, 2018, the Supreme Court determined, inter alia, that the defendant's 50% pro rata share of the son's college expenses was $49,320. The court vacated the June 27, 2017 money judgment, determined that the defendant was responsible for the City Marshal's poundage fees, and directed the defendant to pay the plaintiff the balance owed.
The defendant moved for leave to reargue and, upon reargument, to vacate the August 1, 2018 order. In an order dated December 20, 2018, the Supreme Court granted leave to reargue, and, upon reargument, credited the defendant with certain child support payments, but otherwise [*3]adhered to its original determination. The defendant appeals.
As the defendant correctly contends, upon reargument, the Supreme Court should have modified its original determination as to the defendant's pro rata share of the cost of the college expenses of the parties' son. In determining the cost of a resident student to attend SUNY Binghamton during the relevant period of time, the court found that the only evidence submitted was a 2015 affidavit of the plaintiff, in which she stated that the total cost for four years would have been $98,640. The court relied upon that affidavit to determine that the defendant's 50% pro rata share was $49,320. However, in seeking the money judgment against the defendant pursuant to the June 24, 2016 order, the plaintiff admitted that the defendant's pro rata share was $38,986, and thus, implicitly that the total college cost was $77,972. Accordingly, the court should have used these amounts in determining the defendant's pro rata share of the cost of the son's college expenses, rather than the earlier proposed amounts (see generally Matter of Union Indemn. Ins. Co. of N.Y., 89 NY2d 94, 103; Rosales v Rivera, 176 AD3d 753, 755).
Contrary to the defendant's contention, the Supreme Court did not err in determining that certain additional sums for which he sought reimbursement as college expenses for the parties' daughter were in fact voluntary payments not subject to reimbursement under the stipulation of settlement (see Horne v Horne, 22 NY2d 219, 224; McKay v Groesbeck, 117 AD3d 810, 811; LiGreci v LiGreci, 87 AD3d 722, 724).
The Supreme Court properly determined that the defendant was liable for the City Marshal's poundage fees, as he was the judgment debtor (see DePasquale v Estate of Joseph C. DePasquale, 89 AD3d 672, 673; Southern Indus. v Jeremias, 66 AD2d 178, 186; Kurtzman v Bergstol, 62 AD3d 757, 758 cf. Cabrera v Hirth, 87 AD3d 844, 849).
CHAMBERS, J.P., AUSTIN, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court