Nash v Port Auth. of N.Y. & N.J. (2021 NY Slip Op 01487)





Nash v Port Auth. of N.Y. & N.J.


2021 NY Slip Op 01487


Decided on March 11, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 11, 2021

Before: Acosta, P.J., Kapnick, Singh, Mendez, JJ. 


Index No. 129074/93 Appeal No. 13110 Case No. 2020-03398 

[*1]Linda Nash, Plaintiff-Appellant,
v
The Port Authority of New York and New Jersey, Defendant-Respondent. Louis A. Mangone, Nonparty Appellant, Alfred Locascio, New York City Marshal, Nonparty Respondent.


Gordon, Gordon & Schnapp, P.C., New York (Elliot Schnapp of counsel), for appellants.
The Port Authority Law Department, New York (David R. Kromm of counsel), for The Port Authority of New York and New Jersey, respondent.
Abrams, Fensterman, Fensterman, Eisman, Formato Ferrara, Wolf & Carone, LLP, Lake Success (Alex Leibson of counsel), for Alfred Locascio, respondent.



Judgment, Supreme Court, New York County (Shlomo S. Hagler, J.), entered January 24, 2020, in favor of nonparty New York City Marshal Alfred Locascio in the amount of $589,397.90 for poundage and attorneys' fees and against plaintiff Linda Nash and nonparty appellant Louis A. Mangone, and bringing up for review an order, same court and Justice, entered on or about October 24, 2017, which, inter alia, denied as moot defendant Port Authority of New York and New Jersey's motion to vacate the orders of execution and notices of levy and sale and granted the Marshal's cross motion to collect poundage to the extent of referring the matter to a referee to hear and report on whether he waived collecting poundage from plaintiff, unanimously affirmed, with costs.
On January 15, 2010 plaintiff obtained a judgment against the Port Authority of New York and New Jersey in the total amount of $6,695,117.83 (Linda Nash $4,463,856.89 and her attorney, nonparty Louis A. Mangone, Esq., $2,231,260.94). The judgment was appealed and affirmed by this Court on June 2, 2011 (Nash v Port Auth. of N.Y. & N.J., 85 AD3d 414 [1st Dept 2011]). The Port Authority did not seek leave to appeal this Court's decision to the Court of Appeals, and instead sought unsuccessfully to vacate the judgment through 2016.
In 2011 plaintiff's attorney (Louis A. Mangone) contacted Marshal Alfred Locascio about enforcing the judgment. Mangone drafted a letter agreement dated August 2, 2011 which contains a waiver provision that states in relevant part that Locascio agreed to waive mileage fees, poundage fees, or additional compensation he may be entitled to under the law in the event "the Executions are vacated, set aside or discharged."
On March 27, 2016, three days after the Court of Appeals dismissed the Port Authority's final appeal, Mangone informed Locascio that the appeal had been dismissed and to serve notices of levy and execution. On April 2, 2016 Locasio's wife and office manager advised Mangone that the Marshal was set to levy and "if any offers are [made] to you or anyone else my poundage must be included." Locascio served the notice of levy and execution on April 4, 2016 and that same day, or the following day, counsel for the Port Authority contacted Mangone to arrange for payment of the judgment and followed up on April 6, 2016, to confirm the amount then owing. By email dated the same day Mangone confirmed the Port Authority's calculation (which did not include poundage fees) and directed the Port Authority to wire the funds to his IOLA account. On April 7, 2016, three days after Locascio served the notice of levy and execution, the Port Authority wired the judgment funds ($11,611,177.90) into Mangone's IOLA account, without including Locascio's poundage fees, even though the Port Authority had informed Mangone that it would be moving to vacate the levy and execution notices. On April 22, 2016 Mangone filed a satisfaction of judgment even though Locascio's poundage [*2]fees remained unpaid.
The same day the Port Authority wired the funds to satisfy the judgment, it moved to vacate the orders of execution and notices of levy and sale. Locascio cross-moved for poundage fees and a determination as to which party is responsible for their payment. Plaintiff cross-moved for a declaration that Locascio waived any poundage. Supreme Court denied the Port Authority's motion as moot (the judgment had been satisfied) and granted the cross motions to the extent of referring the matter to a referee to determine whether the clause in the August 2, 2011 letter agreement, whereby Locascio agreed to waive poundage fees in the event the executions are vacated, set aside or discharged, also waived collection of poundage fees in the event of a settlement.
Mangone acknowledged at the hearing that Locascio's executions were effective in the collection of the judgment (which he had been waiting five years to collect), stating it was "obvious" because they had "gotten [Port Authority's] attention." Locascio stated at the hearing that he signed the letter agreement because he did not wish to pursue plaintiff for poundage if she did not collect on the judgment. The Referee recommended that Locascio had not waived his right to collect poundage, found Locascio's position- that he would only waive poundage if plaintiff was unable to collect- more credible than Mangone's, who argued that Locascio agreed to waive poundage under any circumstances, and noted that the letter agreement did not state settlement was a poundage waiver event. Supreme Court confirmed the Referee's report and entered judgment in favor of Locascio against plaintiff and Mangone. This appeal ensued. Poundage is a percentage commission awarded for the collection of money, pursuant to the levy or execution of attachment, computed on the monies collected (CPLR 8012 [b][1]). Locascio started the collection process with the levy and executions but was unable to complete it because Mangone settled with the Port Authority. Where the collection process has been commenced but has not been completed a marshal may still be entitled to poundage fees when: (1) there is a settlement made after a levy by virtue of service of an execution; (2) even if the execution is set aside, vacated or discharged (CPLR 8012[b][2],[3]) or (3) where there has been an affirmative interference with the collection process preventing the marshal from collecting the assets through some affirmative action. The party that interferes with the collection process may be held responsible for payment of the poundage fees (Cabrera v Hirth, 87 AD3d 844, 848 [1st Dept 2011]). This third rule was judicially created (Solow Mgt. Corp. v Tanger, 10 NY3d 326, 330-331 [2008]).
The August 2, 2011 letter agreement drafted by Mangone does not state that a settlement is an event waiving Locascio's poundage fees, although Mangone could have included such an event as a waiver of poundage in the agreement's provision. Any [*3]ambiguity in the letter agreement's waiver provision is construed against Mangone as the drafter (327 Realty, LLC v Nextel of NY, Inc., 150 AD3d 581, 582 [1st Dept 2017]) and as determined by the Referee the absence of the word "settlement" from the waiver provision gives more credence to Locascio's position, that poundage fees were not waived in the event of a settlement.
The Port Authority's direct payment to the plaintiff after Locascio's execution, and the subsequent filing of a satisfaction of judgment by Mangone, was a settlement. "It has been long customary that where a sheriff levies against defendant's property and the matter is thereafter settled, the judgment creditor is liable to the sheriff for the payment of poundage as the party who invoked the sheriff's services" (Cabrera v Hirth, 87 AD3d 844, 849 [1st Dept 2011]; Foley v West-Herr Ford, 111 AD3d 1288, 1290 [4th Dept 2013], lv denied 23 NY3d 983 [2014]). Supreme Court properly determined that under the August 2, 2011 letter agreement a settlement is not a waiver condition and Locascio is entitled to a judgment for poundage fees from plaintiff and Mangone, who collected the judgment from the Port Authority through Locascio's efforts and are the parties that invoked his services.
Furthermore, plaintiff and Mangone's affirmative acts interfered with Locascio's ability to collect poundage fees. They negotiated with the Port Authority, accepted payment of the judgment without poundage fees and could have protected Locascio's rights before filing the satisfaction of judgment but failed to do so. Plaintiff and Mangone actively interfered with the collection process. As the parties that interfered in the collection process, they should be held responsible for Locascio's poundage fees,
therefore Supreme Court properly entered judgment against them (see Cabrera, 87 AD3d at 848). 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 11, 2021