Misopoulos v LoveBug Nutrition, Inc. (2021 NY Slip Op 02875)





Misopoulos v LoveBug Nutrition, Inc.


2021 NY Slip Op 02875


Decided on May 06, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 06, 2021

Before: Renwick, J.P., Kapnick, Singh, Kennedy, JJ. 


Index No. 653279/19 Appeal No. 13773 Case No. 2020-05026 

[*1]Ioannis Misopoulos, Plaintiff-Respondent,
v
LoveBug Nutrition, Inc., et al., Defendants-Appellants.


Blank Rome LLP, New York (Gregory P. Cronin of counsel), for appellants.
Cohen Tauber Spievack & Wagner P.C., New York (Jackson S. Davis of counsel), and Walker Morton, LLP, Chicago, IL (Robert H. Smeltzer, of the bar of the State of Illinois, admitted pro hac vice, of counsel), for respondent.



Order, Supreme Court, New York County (Carol R. Edmead, J.), entered October 22, 2020, which, to the extent appealed from as limited by the briefs, denied the branch of defendants' motion for summary judgment on their counterclaims against plaintiff for breach of the April 5, 2018 purported settlement agreement between the parties and for a declaratory judgment to enforce the purported settlement agreement, unanimously affirmed, with costs.
Defendants' motion for summary judgment, on their counterclaims to enforce a purported settlement agreement, was properly denied. Defendants failed to establish that during the April 5, 2018 email exchange between plaintiff and defendants, there was a "meeting of the minds," a necessary element to establishing the existence of an enforceable agreement (see Matter of Express Indus. & Term. Corp. v New York State Dept. of Transp., 93 NY2d 584 [1999]). Moreover, given that the parties never came to an agreement on the number of shares to be transferred to plaintiff, a material term of the parties' agreement  which they contemplated discussing in future negotiations that would be reduced into a formal written agreement  defendants failed to meet their burden to establish that the purported settlement agreement was more than just an unenforceable agreement to agree (see Weksler v Weksler, 163 AD3d 432, 433 [1st Dept 2018]; Sterling Fifth Assoc. v Carpentille Corp., Inc., 10 AD3d 282, 284 [1st Dept 2004]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 6, 2021