Matter of Total Envtl. Restoration Solutions, Inc. (TERS) v Contract Dispute Resolution Bd. (2023 NY Slip Op 01878)

Matter of Total Envtl. Restoration Solutions, Inc. (TERS) v Contract Dispute Resolution Bd.

2023 NY Slip Op 01878

Decided on April 11, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 11, 2023

Before: Kern, J.P., Friedman, Gesmer, Higgitt, JJ. 

Index No. 154920/21 Appeal No. 17 Case No. 2021-04286 

[*1]In the Matter of Total Environmental Restoration Solutions, Inc. (TERS), Petitioner-Appellant,
v
Contract Dispute Resolution Board, et al., Respondents-Respondents.

Kostelanetz & Fink, LLP, New York (Claude Millman of counsel), for appellant.
Frank Ng, New York, for Contract Dispute Resolution Board and NYC Office of Administrative Trials and Hearings (OATH), respondent.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Philip W. Young of counsel), for The City of New York, The Office of the Comptroller and the New York City Police Department (NYPD), respondents.

Judgment (denominated an order), Supreme Court, New York County (Eileen A. Rakower, J.), entered on or about October 13, 2021, denying the petition to annul a determination of respondent Contract Dispute Resolution Board (CDRB), dated February 4, 2021, which denied petitioner's claims for additional compensation from respondent New York Police Department (NYPD) for work performed pursuant a contract to remediate and digitize documents damaged by flooding caused by Hurricane Sandy, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
CDRB's determination was not arbitrary or capricious or affected by an error of law (see CPLR 7803[3]; 9 RCNY 4-09[g][6]). In calculating the remediation costs, CDRB rationally concluded that the language of the contract did not support petitioner's contention that the word "page" unambiguously referred to one side of a sheet of paper. Unlike the section governing digitization services, which clarified that "[d]ouble-sided documents count as two pages," there was no equivalent provision in the section governing remediation. The omission of similar language with respect to remediation services "must be deemed an intentional choice of the parties" (Ambac Assur. Corp. v EMC Mtge. LLC, 121 AD3d 514, 518 [1st Dept 2014]). Indeed, remediation treats the whole sheet of paper regardless of whether it is printed on one or both sides, whereas digitization depends on the number of images scanned.
The contract's merger clause precludes petitioner's reliance on communications between the parties and other extrinsic sources to support its proposed definition (see Schron v Troutman Sanders LLP, 20 NY3d 430, 436 [2013]). Further, extrinsic evidence may not be considered where, as here, the contract is unambiguous (Matter of Wells Fargo Bank, N.A., 198 AD3d 156, 163 [1st Dept 2021], lv dismissed 38 NY3d 998 [2022]). In any event, even if there were an ambiguity, it is to be construed against petitioner, the drafter of the agreement (see 327 Realty, LLC v Nextel of N.Y., Inc., 150 AD3d 581, 582 [1st Dept 2017])
In determining the digitization costs, CDRB rationally relied on NYPD's calculation of the number of images that had been digitized, which was based on the number of files that NYPD received on hard drives from petitioner. This method was consistent with the contractual term that petitioner was to be compensated "for the
actual number of . . . images digitized." By contrast, petitioner's calculation method using image file size did not comport with the terms of the agreement.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 11, 2023